WOOD v. PORTER et al.; BOONE COUNTY NATIONAL BANK et al., Interpleaders, Appellants.

Division One, December 23, 1903.

1. **Preference:** SOLVENCY OF DEBTOR: FRAUD. A debtor, whether solvent or insolvent, may prefer one or more of his creditors, and to that end may, by any suitable means, appropriate the whole or any part of his property to the payment, or part payment, of his just debts to one or more of his creditors, to the exclusion of the others. And the appropriation of no more property to one creditor than is necessary to pay the debt due that creditor, inflicts no injury on the other creditors.

2. ——: BY DEED OF TRUST. An insolvent owner of real estate, which was already incumbered with a mortgage, executed a deed of trust thereon to secure the payment of a large amount of indebtedness, which it divided into four classes, which were to be paid in the order of classification. *Held*, that, on the sale of the property under

the first mortgage according to its terms, and the payment of the debt thereby secured, the surplus of the proceeds of such sale should be applied to the first class of debts secured by the second deed of trust. The *bona fides* of those debts being unquestioned, and the surplus being less than the amount of those debts, and there being no evidence tending to prove any fraudulent intent in making the deed of trust, attaching creditors can not attack it as being fraudulent in law.

Appeal from Pettis Circuit Court. — *Hon. Geo. F. Longan,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* and *Montgomery & Montgomery* for appellants.

(1)  The deed of trust is fraudulent and void because made and contrived with the intent to hinder, delay and defraud the creditors of Jonathan R. Barrett, the maker thereof. Barrett was insolvent when the deed of trust was executed. It covered and included his whole estate and was of far less value than the indebtedness secured. It conveyed the legal title to all his real estate to the trustee to secure a large amount of indebtedness, but provided that no default should authorize a sale of the property by the trustee until three years, eleven months and three days after its date. The debts, with a small exception, were all long past due and unpaid, and there was default when the deed was delivered. Nearly four years must elapse under the terms of the deed of trust before there could be any sale and the distribution of its proceeds among the creditors. The property, in the meantime, is protected by the conveyance against the demands of creditors. A creditor is entitled to have the property of his debtor subjected by due course of law to the immediate payment of his debt and any disposition made by the debtor which hinders and delays the creditors an unreasonable time renders the conveyance void. What is a reasonable time

is nowhere definitely settled, but the time prescribed by this deed of trust is, in the light of all the authorities, unreasonable. Bank v. Martin, 33 S. W. 565; Dunham v. Waterman, 17 N. Y. 17; Brigham v. Tillinghast, 3 Kernan 220; DeWolf v. Man'fg Co., 49 Conn. 282; Rosenstein v. Coleman, 18 Mont. 459, s. c., 45 Pac. 1081; McCleary v. Allen, 7 Neb. 25; Hardin v. Osborne, 60 Ill. 93; Mitchel v. Beal, 8 Yerger 134; Green v. Trammell, 3 Md. 11; Sheerer v. Lantzerheiser, 6 Watts 543; Puckett v. Drug Co., 20 S. W. 1127; Nicholson v. Leavitt, 2 Selden 517; Baring v. Griffin, 2 Comstock 370; Van Nest v. Yoe, 1 Sand. Ch. 7; Owens v. Arvis, 26 N. J. Law 30; Knight v. Packer, 12 N. J. Eq. 214; Bank v. Sprague, 21 N. J. Eq. 530; Greenleaf v. Edes, 2 Minn. 275; Henderson v. Downing, 24 Miss. 116; Wooten v. Clark, 23 Miss. 76; Bank v. Numes, 80 Ky. 334; Bump on Frd. Con., 397 and 398; Bishop on Ins. Debtors (3 Ed.), secs. 214 and 215; McDowell v. Steele, 87 Ala. 493. The cases from our own State support these authorities. State to use v. Benoist, 37 Mo. 508; Bigelow v. Stringer, 40 Mo. 204; Segers Sons v. Thomas Bros., 107 Mo. 641; National Tube Works Co. v. Machine Co., 118 Mo. 375; Bank v. Russey, 74 Mo. App. 656; Gaff v. Stern, 12 Mo. App. 120; Moore v. Carr, 65 Mo. App. 72. (2) The provision in the deed of trust that the trustee may execute any of the powers conferred upon it by the deed of trust, by or through any of its officers, agents or attorneys, and it shall not be responsible for any negligence, default or other wrongful act of such agent, provided the trustee shall have exercised due care in the selection of such agent, etc., and the further provision, that the trustee shall be liable only for gross negligence or willful wrong, voids the deed of trust. The reason of the rule, as clearly stated and fully sustained by the authorities, is that the effect of such a deed is to withdraw the debtor's property from the reach of creditors pursuing their lawful remedies and to place it in the hands of a trustee, where it may be wasted and lost, un-

less the trustee chooses to exercise a much greater de-
gree of diligence than he is required by the deed.    The
trustee, who is chosen by the debtor, is by the debtor's
act relieved from the legal liabilities of trustee.    The
creditors have far greater interest in the application of
the trust funds than the debtor, and that interest de-
pends in many cases upon the competency and diligence
of the trustee.    The debtor can not be permitted, by
creating a trust for his creditors, to place his property
where it can not be reached by ordinary legal remedies
and at the same time exempt the trustee from his proper
responsibility to his creditors.    Any provision in such
a deed which exempts the trustee from that degree of
liability or in any way restricts it to a less degree than
that which the law imposes upon the trustee, renders
the deed of trust void.    Wait on Fr. Conv., sec. 334;
DeWolf v. Mfg. Co., 49 Conn. 329; Hutchinson v. Lord,
1 Wis. 269; Litchfield v. White, 7 N. Y. (3 Selden) 438;
McIntyre v. Benson, 20 Ill. 502; Olmstead v. Herrick,
1 E. D. Smith 310; 2 Bigelow on Fraud, 323; Bishop on
Insolvent Debtors (3 Ed.), sec. 223; Packing Co. v.
Hoover, 1 D. C. App. Cases 268; Hayes v. Johnson, 6
D. C. 174; Finley v. Dickinson, 29 Ill. 9; Robison v. Nye,
21 Ill. 592; August v. Seeskind, 6 Cold. 166; Spinning
v. Portsmouth, 25 N. H. 9.

*J. H. Bothwell* and *Charles E. Yeater* for respond-
ent.

(1)    A debtor, although in failing circumstances
and unable to pay his creditors in full, may in good
faith prefer any one creditor, to the exclusion of all
others, by the transfer of all his property, if it does not
exceed in value the amount of the preferred debt, and
although such conveyance may necessarily operate to
hinder and delay other creditors, and although the
debtor even so intends, and intends further to defraud
such other creditors, and the preferred creditor so

knows, yet if the latter does not participate in the fraudulent intent, but takes only to pay or secure an honest debt, the transaction is perfectly valid. (2) Conceding, for the sake of argument, that the deed of trust preferring one or more creditors is as a general proposition void in law when (1) the foreclosure is deferred for a period of three years, nine months and three days, and (2) when the trustee by its terms is released from liability, except in case of gross negligence, in the execution of his duties in such capacity, yet such general rule is subject to an exception equally well established, to the effect that when the property thereby conveyed, as in this case, does not exceed in value the amount of such secured debts, as shown by the pleadings, such two provisions of the deed of trust are wholly immaterial, and can not in anywise affect other creditors, and do not render such deed of trust invalid. Reed Fertilizer Co. v. Thomas, 37 S. W. 220; Bangs Milling Co. v. Burns, 152 Mo. 374; Swentzel v. Franklin Inv. Co., 168 Mo. 277; Butler v. Sanger, 23 S. W. 487; Bank v. Marshall, 23 S. W. 246; Hat Co. v. Weaver, 23 S. W. 914.

BRACE, P. J.—On the 7th of July, 1885, Jonathan R. Barrett and his wife executed a deed of trust upon certain real estate situate in and adjoining the city of Sedalia in Pettis county, to secure a large indebtedness.

Afterwards, on the 28th of August, 1894, Barrett without being joined by his wife executed a second deed of trust upon the same property to the St. Louis Trust Company, to secure the payment of an indebtedness amounting in the aggregate to $107,999.55. The debts were divided into four classes: the first class aggregating without interest the sum of $5,500, the second class $43,729, the third class $11,152.88, and the fourth class $47,617.67, and were to be paid in the order of classification. The first class was made up of two notes, one for $5,000, of which the plaintiff, Hugh W. Wood, was the owner, and the other for $500, of which Tippie N.

Barrett was the owner at the time these proceedings were instituted.

The deed of trust states that beside the first mortgage, above referred to, there are other mortgages on separate parcels of the real estate conveyed, securing debts aggregating $17,100.

The deed of trust conveys the property to the trustee in the usual form and with the usual clause of defeasance, that is, if the grantor shall pay the debts as they become due and payable, the property shall be released.

It further provides, however, that if he fail to pay the debts secured, the deed shall remain in full force and the trustee may "whenever, and as soon as the note of said Jane H. Wilson, above described, shall become due according to its terms or at any time thereafter, proceed to sell," etc.

This note was in the second class, was for $22,-653.45, dated July 1, 1893, and payable to Jane H. Wilson five years after date.

No provision is made for any sale by which any debt secured may be paid for any other default.

The deed of trust contains a covenant to pay the taxes annually as they become due, but if the mortgagee fail to do so, then it is provided that either the trustee or any creditor secured by the deed of trust might pay the taxes, and such payment with interest should be the first and prior lien over all debts secured. It is not provided that this failure to pay taxes should constitute any default, but it is provided that the trustee might "in its discretion and as shall appear to it for the best interest" of the secured creditors, sell "so much of the property as would pay such defaulted taxes," so as to "preserve the remainder of the property." Such sale is not required to be public and after advertisement, but the power given is to sell privately and takes the property so sold free and clear of the lien of the deed of trust.

The deed of trust provides that the mortgagor shall have the right at any time to sell certain designated portions of the property for not less than certain stated sums, free from the lien of the deed of trust, the proceeds to be paid over to the trustee and applied upon the secured debts, who was then to release the property so sold from the lien of the deed of trust.

The reservation covers all the property conveyed except the town lots, which are subject to deeds of trust having prior liens.

The deed of trust states that certain of the secured creditors hold other and additional security for their respective debts in addition to and differing from the security provided by the deed of trust, and that all sums received from such other securities shall be applied upon the indebtedness secured by the deed of trust before anything shall be paid on account thereof out of the security provided by the deed of trust. There is no designation as to which of the creditors are so secured or what securities they have.

The deed of trust authorizes the trustee to perform the duties and exercise the powers conferred upon it by the terms of the deed of trust by or through any of its officers or agents which it may appoint, but the trustee shall not be responsible for the negligence, default or other wrongful act of such officer or agent, provided care be exercised by it in the selection of the same. "Nor shall it be held liable or responsible for any of its own acts performed or anything suffered or permitted to be done hereunder, unless done, suffered or permitted to be done willfully or through gross negligence."

Afterwards, four of the creditors of the said Barrett, whose debts had been included in the third and fourth classes of the debts in said second deed of trust, viz., The Boone County National Bank of Columbia, Missouri, Con Donahue, The Boyle County National Bank of Danville, Kentucky, and W. A. Latimer, receiver of the First National Bank of Sedalia, Missouri,

and two other creditors of said Barrett whose debts were not included in said second deed of trust, viz., Edwin Curd and The People's Bank of Sedalia, severally instituted suits in the Pettis Circuit Court on their several demands, in which suits, upon several affidavits filed therein, charging that the said Barrett, defendant therein, had fraudulently conveyed, assigned and disposed of his property so as to hinder and delay his creditors, writs of attachment were issued in September, 1894, and levied on said real estate.

Afterwards, on the 3d of August, 1896, the first deed of trust was foreclosed in accordance with the provisions thereof by a sale at public auction, conducted by the defendant, John C. Porter, sheriff, acting as trustee, at which the property was sold for the sum of $44,550, and after paying the debt secured by the deed of trust and costs, there remained in the hands of Porter the sum of $5,615.30. Afterwards, the said Barrett died insolvent and on the 17th of April, 1897, this proceeding was instituted by an action commenced in said circuit court by the said Hugh W. Wood, against the said John C. Porter, sheriff and trustee as aforesaid, in which the plaintiff claimed said surplus and asked that the same be paid to him. Thereupon the defendant Porter answered, by bill of interpleader, setting up the facts aforesaid, admitting that the fund was in his hands, alleging the conflicting claims of the parties under and against said second deed of trust, asked permission to bring the same into court and thereupon to be discharged, which was accordingly so done. Thereupon the parties alleged to be interested appeared and pleaded in pursuance of the order of the court, all except the said Tippie N. Barrett, and the said attaching creditors disclaiming any interest in the fund. Upon the issues joined by the petition of plaintiff the said Hugh W. Wood and the interplea of the said Tippie N. Barrett on the one hand claiming the fund under said second deed of trust, and the interpleas of the attaching creditors claiming said fund

as such on the other hand.   The case was submitted to the court, the issues found for said Wood and Barrett, and the fund ordered paid to them in the proportion which the debt of each bore to the whole amount of the fund.   From this judgment the attaching creditors appeal.   There was no evidence tending to prove fraud in fact, and the only question presented for determination is, whether this second deed of trust is, as against the appellants, fraudulent in law.   It is contended for the appellant that it is, upon these grounds:

First.   Because it provided that no default should authorize a sale of the property until the maturity of the note of Jane H. Wilson, which was three years, eleven months and three days after the date of the deed of trust.

Second.   Because of the provision in the deed that the grantor might sell certain portions of the property for not less than certain stated sums, and apply the proceeds to the secured debts.

Third.   Because of the provisions in the deed that the trustee shall not be held liable for the negligent or wrongful acts of its agents if it shall have exercised due care in the selection of such agents, and shall not be held for its own acts, "unless done, suffered or permitted to be done willfully or through gross negligence."

In the view we take of this case, it is unnecessary to review the numerous authorities cited, or the argument of the learned counsel for appellants in support of these propositions.

The undisputed facts are that the only property conveyed by this instrument was the equity of redemption of the said Barrett in the real estate therein described, and that the value of that property as ascertained by a sale regularly made in market overt, after due notice, was less than the amount of the debts of the respondent Hugh W. Wood and Tippie N. Barrett — the debts of the first class, and in fact the only debts really secured thereby.

The *bona fides* of these debts is not questioned, and no evidence was introduced tending to prove any fraudulent intent in making the conveyance.

"It is well settled law in this State that a debtor, whether solvent or insolvent, may prefer one or more of his creditors, and to that end may, by any suitable means, appropriate the whole or any part of his property to the payment, or part payment, of his just debts to one or more of his creditors, to the exclusion of others." [Meyer Bros. Drug Co. v. White, 165 Mo. 136, and cases cited.]

"The statute is aimed only at intended fraud, but the payment of a debt to one creditor is no fraud upon other creditors—no legal injury to them." [Bump on Fraud. Conveyances (4 Ed.), sec. 168.] By the conveyance in question no more property is appropriated to the payment of the preferred debts than is required for that purpose. No legal injury is thereby inflicted on the other creditors. "Nothing of value is withdrawn from them that the law of preference will not approve, or that the statute of frauds will condemn." [Bangs Milling Co. v. Burns, 152 Mo. 350.] If property exceeding in value the amount of these preferred debts had been transferred by the conveyance, then there would have been a foundation for an inquiry as to whether a legal presumption of fraudulent intent might not arise from the provisions of the deed; but in the absence of such foundation, the inquiry would be futile.

The judgment of the circuit court is affirmed. All concur.