FELIX GAMBREL, Appellant, v. THOMAS HINES, Respondent.

Kansas City Court of Appeals, May 19, 1913.

1. PERSONAL PROPERTY: Husband and Wife: Executions. Where the husband has a public sale of his personal property and includes, with his wife's consent, a cow belonging to her, that act alone, without some element of estoppel, does not enable an execution creditor of the husband to take the proceeds of the sale of the cow on a garnishment of the clerk of the sale.

2. ——: ——: Failing Circumstances: Preference: Relative. A debtor in failing circumstances may prefer a creditor, and the fact that such creditor is a relative will not affect the right of preference.

Appeal from Holt Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*H. B. Williams* and *W. E. Stubbs* for appellant.

(1) The law creates a presumption that property purchased during coverture is paid for with the husband's means. Vrook v. Tull, 111 Mo. 283. (2) A voluntary conveyance is presumptively fraudulent as to existing creditors, and the burden is on the donee to establish the validity of such conveyance. Vandeventer v. Goss, 116 App. 316, 323. (3) A person when indebted cannot settle a portion of his property on another unless enough is left to satisfy his debts. Welch v. Mann, 193 Mo. 304. (4) Interpleader knowingly consented to the property in question being advertised for sale, as property belonging to the execution defendant, Thomas H. Hines. The execution creditor was induced thereby to cause said property to be levied upon, under execution, as the property of said execution defendant, and thereby incurring much cost and expense, and such being true, the interpleader is now estopped from setting up title to the property in question. State ex rel. y. Branch, 151 Mo. 622; Bright v. Miller, 95 Mo. App. 270; Spence v. Renfro, 170 Mo. 417; Layson v. Cooper, 174 Mo. 211; Riley v. Vaughn, 116 Mo. 169; McClain v. Alshire, 72 Mo. App. 390.

*John W. Stokes* and *J. B. Dearmont* for respondent.

(1) A garnishee, to relieve himself of liability, must ask that all claimants be brought in and made parties, regardless of the amount claimed. Schawacker v. Dempsey, 83 Mo. App. 342. (2) A debtor,

whether solvent or insolvent, may prefer one or more of his creditors, and may by any suitable means appropriate his property to the payment. of the just debts of one or more of his creditors to the exclusion of all others. Wood v. Porter, 179 Mo. 65; Black v. Epstein, 221 Mo. 309. (3) Relationship and insolvency are not sufficient in themselves to establish fraud. The rule is that fraud must be proved and cannot be presumed. Black v. Epstein, 221 Mo. 309; Robinson v. Dryden, 118 Mo. 539. (4) In garnishment proceedings the execution creditor acquires no greater right against the garnishee than was held by the principal debtor. If the execution debtor could not maintain an action against the interpleader herein, then the execution creditor of said execution debtor cannot. Brewing Co. v. Railroad, 145 Mo. App. 32; Johnson v. Geneva Pub. Co., 122 Mo. 104; Bank v. Hoppe, 132 Mo. App. 458.

ELLISON, P. J.—Plaintiff was an execution creditor of defendant Hines, residing in Holt county. Under the execution, the clerk of a public sale of personal property advertised and sold as that of Hines, was garnished by the sheriff. Defendant's wife claimed that among the property thus sold as that of her husband, was a cow belonging to her, and that the money arising from a sale of the animal was hers. On the answer of the garnishee showing the conflicting claims to this money, in which he asked that he be allowed to pay the money into court and that the parties interplead, it was so ordered, no objection appearing. On a trial of the wife's interplea, the judgment in the trial court was in her favor and the plaintiff in the execution appealed.

The evidence is short. It showed that Mrs. Hines' father gave her a cow at her marriage, about fifteen years before the trial. She kept her several years when her husband (the defendant) sold her. In about five

years afterwards, which was six months before this controversy arose, her husband bought another cow for her and gave it to her in place of the one he had disposed of. This one she kept until the public sale as above stated.

It was further shown by the evidence that her husband and she were about to remove from the State and her husband arranged for a public sale of his personal property. It seems that the property of some neighbors was, at their request, included in the advertisement and sale, and so was Mrs. Hines' cow, though this did not appear in the advertisement; that is to say, so far as the advertisement and sale were concerned, the property appeared to be defendant's.

Plaintiff asked a demurrer to the evidence, which was refused. He then asked an instruction to the effect that although the cow was Mrs. Hines' property at the time of the sale, yet if she permitted it to be sold as that of her husband, then she is estopped from claiming the proceeds of the sale. Both these declarations were refused; and we think rightfully.

The mere fact that the wife as an owner of property permits her husband to include it in a public sale of his property, will not, as a matter of law, make the property the husband's on the claim of an execution creditor. To have that effect there must be some element of estoppel in it; and of that there was no evidence. The case is wholly unlike that of Riley v. Vaughan, 116 Mo. 169, cited by plaintiff. The instruction does not submit the hypothesis of the advertisement of the cow leading plaintiff into the expenditure of money, or that it even caused him to make the levy, or that it caused him to alter his position to his detriment. It stops short at the mere permission by the wife that the cow be sold and declares that act, which, standing alone is harmless, to be an estoppel as a matter of law.

We do not object to many of the propositions advanced by plaintiff. We, of course, agree that a failing debtor cannot make voluntary transfers of property to defeat the claims of creditors. But the transfer by defendant to his wife was not a voluntary transfer. She was his creditor, and as such could properly be preferred; her relationship to him did not destroy that right. [Wood v. Porter, 179 Mo. 56, 65; Black v. Epstein, 221 Mo. 286, 309; Robinson v. Dryden, 118 Mo. 534.]

The judgment is affirmed. *Johnson, J.,* concurs. *Trimble, J.,* having tried the case below, not sitting.