## KRUEGER v. VORHAUER et al., Appellants.

### Division Two, June 28, 1901.

1. **Deed of Trust:** FRAUDULENT CONVEYANCE: ACTION TO SET ASIDE. A deed of trust was made and foreclosed. Thereafter, plaintiff obtained a judgment against the maker for a tort committed after the foreclosure sale. *Held*, that he could not maintain a suit to set aside the conveyance, there being no evidence of an actual intent at that time to defraud plaintiff.

2. ———: VALIDITY: SCHEMES TO DEFRAUD CREDITORS. Schemes to defraud his existing and subsequent creditors, entered into by a party after making a deed of trust, can not affect the validity of such deed.

3. ———: CREDITOR: INTENT TO DEFRAUD: TORT: DAMAGES. Where, at the time of the execution of a deed of trust and a sale thereunder, the maker had only one current creditor, whose claim was satisfied before plaintiff obtained judgment for damages for a tort committed by the maker subsequent to such deed and sale, any fraud or intent to defraud such current creditor by making the trust deed can not be set up by plaintiff to avoid it and the sale.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

REVERSED.

*Kehr & Tittmann* for appellants.

(1)   The deed of trust of February 10, 1894, from Emil Vorhauer to Henry Vorhauer, as trustee for William Vorhauer, to secure the payment of $5,500, and the sale made thereunder July 12, 1894, by the substituted trustee, Erd, to

Henry Vorhauer, were based upon valuable considerations and were bona fide and lawfully made. Therefore, even if Emil Vorhauer made the deed of trust with the intent to defraud his wife of a prospective judgment for alimony against him, yet as against the bona fide holder of the deed of trust and the purchaser thereunder, the conveyances were protected by the statute and should not have been set aside. R. S. 1889, sec. 5175. (2) The claim of Emil's wife for alimony and support was a present existing demand and claim even before alimony was granted her. She was a present existing creditor. Foster v. Foster, 56 Vt. 546; Picket v. Garrison, 76 Iowa, 347; Feigley v. Feigley, 7 Md. 537; Hinds v. Hinds, 80 Ala. 225; Livermore v. Boutelle, 11 Gray, 217; Bouslough v. Bouslough, 68 Pa. St. 495. (3) Even if Emil Vorhauer made the deed of trust of February 10, 1894, with intent to defraud his wife of her claim for alimony, yet, as there were no other current creditors who might have been hindered or delayed, and her judgment for alimony had been paid and satisfied before plaintiff recovered judgment for the tort inflicted upon him by Emil, before he became a creditor and before he commenced this suit, he can not set up the old fraud in avoidance of the conveyance and can not maintain this bill. Gray v. Folwell (N. J.), 41 Atl. Rep. 869; Claflin v. Mess, 30 N. J. Eq. 212; Hill v. Bowman, 35 Mich. 191. (4) Respondent recovered judgment against Emil Vorhauer March 18, 1896, for a tort (shooting him) committed May 1, 1895. The deed of trust was executed February 10, 1894; hence, respondent became a subsequent creditor. There was no evidence that Emil intended to go into any hazardous or other business, or that he contemplated future indebtedness, or that, in 1894, he intended to shoot respondent in 1895, or at any other time, or that by his conveyance in 1894 he intended to defraud the respondent or any other future creditor. There-

fore, respondent can not maintain this bill.   This is the well-settled law in Missouri, as well as in other States, even as to voluntary conveyances. ' Boatmen's Savings Bank v. Overall, 16 Mo. App. 515; Mittelberg v. Harrison, 11 Mo. App. 136; Boyle v. Boyle, 6 Mo. App. 594; Ins. Co. v. Sandfelder, 9 Mo. App. 285; Payne v. Stanton, 59 Mo. 159; Grocery Co. v. Smith, 74 Mo. App. 419; Pepper v. Carter, 11 Mo. 540; Lionberger v. Baker, 88 Mo. 447; Frank v. Carothers, 108 Mo. 569; Bueks v. Moore, 36 Mo. App. 529; Snyder v. Free, 114 Mo. 360; Loehr v. Murphy, 45 Mo. App. 519; Bonney v. Taylor, 90 Mo. 63; Fisher v. Lewis, 69 Mo. 629; Hurley v. Taylor, 78 Mo. 239; Lauder v. Ziehr, 150 Mo. 413; Lynch v. Raleigh, 3 Ind. 273; Horn v. Volcano Co., 13 Cal. 62; Kipp v. Hanna, 2 Bland Ch. 26; Wright v. Henderson, 7 How. (Miss.), 539; Stone v. Myers, 9 Minn. 303; Hall v. Sands, 52 Me. 355; Kimble v. Smith, 95 Pa. St. 69; Harlan v. McLaughlin, 90 Pa. St. 293; Mathai v. Thomas, 24 Kas. 780; Evans v. Lewis, 30 Ohio St. 11; Springer v. Bigford, 160 Ill. 500; Brindage v. Chenewórth, 101 Iowa, 256; Cole v. Brown (Mich.), 72 N. W. 247; Neuberger v. Keim, 134 N. Y. 38; Hilton v. Morse, 75 Me. 258; Heath v. Bank (Tex.), 46 S. W. 123; Wait on Fraud. Con. (3 Ed.), p. 366, sec. 202.  (5)   In the present case, the conveyances were all based upon adequate consideration.   Hence, respondent could obtain relief only by showing that they were made with the intent to defraud him and that the grantees participated therein.   Hall v. Sands, 52 Me. 355; Henley v. Taylor, 78 Mo. 238.   (6) Respondent's claim against Emil Vorhauer was based upon a tort.   He can avoid the conveyances only by showing that they were made subsequent to the rendition of the judgment based upon the tort, or with the intent to defeat the satisfaction of a judgment based upon such tort.   Meserve v. Dyer, 4 Me. 52; Hull v. Sands, 52 Me. 355; Kaiser v. Ulrich, 32 Mich. 88;

Hill v. Bowman, 35 Mich. 191; Evans v. Lewis, 30 Ohio St. 11; Langford v. Fly, 7 Humphrey, 585; Lillard v. McGee, 4 Bibb, 165; Fowler v. Frisbee, 3 Conn. 320. (7) The declarations made by Emil Vorhauer to the respondent and to his mother, after the execution and delivery by him of the deed of trust and in the absence of the remaining defendants, were not competent evidence against them. Frick v. Algermissen, 25 Mo. App. 186; Mueller v. Weitz, 56 Mo. App. 36; Albert v. Besel, 88 Mo. 150; Stewart v. Thomas, 35 Mo. 202; Clark v. Cox, 118 Mo. 652.

O. A. Appel, Daniel Dillon and John Dillon for respondent.

(1) Land bought in the name of one person, but actually paid for with the money of another, belongs in equity to the person whose money paid for it. Kelly v. Johnson, 28 Mo. 249; Baumgartner v. Guessfeld, 38 Mo. 36; Shaw v. Shaw, 86 Mo. 594. (2) When the conveyance is voluntary and made with actual fraudulent intent of defrauding existing creditors, subsequent creditors may impeach it. The great weight of authority, both in England and this country, sustains this proposition. 1 Story's Eq. Jur., sec. 36; Pomeroy Eq. Jur. (2 Ed.), sec. 973; 2 Kent's Comm. (14 Ed.), star page 442; McLean v. Johnson, 43 Vt. 57; Parkham v. Welsh, 16 Pick. 231; Day v. Cooley, 118 Mass. 524; Seals v. Robinson, 75 Ala. 363; Hall v. Sands, 52 Me. 355; Marstin v. Marstin, 54 Me. 476; Smith v. Carlisle, 17 N. H. 417; Coolidge v. Melvin, 42 N. H. 534; Claflin v. Mess, 30 N. J. Eq. 212; Alloise v. Day, 30 N. J. Eq. 211; Yoney v. McGee, 38 Ark. 419; Pratt v. Case, 22 Grattan, 330; Silverman v. Greaser, 27 W. Va. 553; Benten v. Jones, 8 Conn. 190; Flynn v. Williams, 7 Ired. (N. Car.) 32; Moore v. Blenheim, 19 Md.

172; Wilcox v. Morgan, 2 Col. 473, p. 478; Sexton v. Wheaton, 8 Wheaton, 229; Wallace v. Penfield, 102 U. S. 260; Pepper v. Carter, 11 Mo. 540; Payne v. Stanton, 59 Mo. 158; Frank v. Caruthers, 108 Mo. 574; Lander v. Zeihr, 150 Mo. 413; Mutual Life v. Sandfelder, 9 Mo. App. 285. (3) If the debts existing at the time of the voluntary conveyance be not paid when subsequent creditor files his bill, he has the right to prosecute his suit and have the voluntary conveyance set aside. Claflin v. Mess, 30 N. J. Eq. 211. In this case the judgment for Minnie Vorhauer for $6,000 has not yet been satisfied, nor had Minnie Vorhauer assigned it when this suit was commenced. She was then the owner of it and it was wholly unsatisfied. Since this suit has begun she assigned it for $3,500 to Edward Vorhauer, who still holds it against Emil for the whole amount, $6,000 and interest. Change of creditors is no satisfaction. Lander v. Ziehr, 150 Mo. 414. (4) If it is intended to assert that a person who has a cause of action growing out of a tort can not be considered a creditor until he has reduced his claim to judgment, then all we have to say is that the authorities are the other way. Bougard v. Block, 81 Ill. 186; Westmoreland v. Powell, 59 Ga. 256; Hunsinger v. Hofer, 110 Ind. 390; Welde v. Scotten, 59 Md. 72; Thorp v. Leibrecht, 66 N. J. Eq. 499.

SHERWOOD, P. J.—Equitable proceeding having for its object the avoidance and cancellation of certain conveyances, transfers and judgments, which are best described in the petition which in substance and effect states:

That plaintiff recovered a judgment against defendant Emil Vorhauer on March 18, 1896, in the circuit court, city of St. Louis, for $3,000, and that it is wholly unsatisfied.

That on February 10, 1894, Emil Vorhauer was the owner in fee of certain real estate in St. Louis, fronting sixty feet on

Mullanphy street in city block 2314, being lot 35, the eastern twenty feet of lot 34 and the western fifteen feet of lot 36. That being indebted and in anticipation of becoming further indebted, said Emil Vorhauer placed a deed of trust for $5,500 thereon, maturing in two years to Henry Vorhauer as trustee for William Vorhauer, *cestui que trust.* That thereafter, on June 14, 1894, one George P. Pfeiffer placed a mechanic's lien on forty feet of Emil's land and the improvements thereon in the sum of $3,804.45 and that suit was filed on said lien to the October term, 1894, of the circuit court of the city of St. Louis and a default judgment was taken therein on December 29, 1894, for $3,816.47, and that said judgment was assigned to William Vorhauer on January 11, 1895. That on filing of said lien, Henry Vorhauer, trustee under the trust deed, refused to act and Charles Erd succeeded him as trustee thereunder; that on July 12, 1894, Erd sold the property under the trust because of the said lien and that Henry Vorhauer bought the property at that sale. That on April 25, 1894, Emil gave an irrevocable power of attorney to Henry to collect the rents on all real estate then owned by Emil until an indebtedness (amount not given) from Emil to Henry should thereby become discharged. That all said deeds, transfers, conveyances, assignments, etc., were in fact without consideration, and were not in good faith; that the mechanic's lien and the suit thereon were not brought in good faith; that the judgment was collusively procured between Pfeiffer and the defendants herein, and that the deeds, conveyances, transfers and assignments were made at the special instance, instigation and request of Emil and in confederation with William and Henry Vorhauer to evade the payment of Emil's existing and subsequent indebtedness and to enable Emil to conceal and cover his real estate titles with the intent to hinder, delay and defraud existing

and subsequent creditors; that the title to the real estate is held by Henry and as to the judgment by William, secretly, etc., for the sole use and benefit of Emil. That an execution on plaintiff's judgment against Emil has been returned *nulla bona*.

Wherefore, plaintiff says that the deeds, conveyances, transfers and assignments, as well as the said judgment obtained by Pfeiffer and the assignment thereof are fraudulent and are, as to the judgment of this plaintiff, void and prays that as to the judgment of this plaintiff, they may be for naught held, cancelled and annulled, that the court declare plaintiff's judgment a lien on the real estate paramount and freed from any title, etc., of Henry and William Vorhauer, however obtained and for further relief.

Defendant filed a general denial.

After hearing the evidence in the cause, the court entered the following decree:

"June 23, 1897. That the deed of trust for $5,500 of Emil Vorhauer and wife be null and void as against the judgment of $3,000 in favor of Henry A. Krueger and describing the sixty feet of land on Mullanphy street. That the sale made by Erd thereunder on July 12, 1894, be null and void as against Krueger's $3,000 judgment, and that Pfeiffer's mechanic's lien and the judgment thereunder be null and void as against Krueger's judgment and that said Krueger's judgment be declared to be a lien on all of the real estate and that if the $3,000 judgment be not paid in thirty days, that then said real estate be sold by the sheriff to satisfy the judgment."

From this decree defendants have appealed.

The pivotal case on which this case turns is whether plaintiff occupies such a situation as enables him to overthrow and hold for naught the deed of trust for $5,500 as well as the mechanic's lien judgment, etc., etc., and also the conveyance

made by the trustee to Henry Vorhauer, the purchaser under such deed.

To ascertain this matter has caused a careful examination of the testimony offered, but from that testimony, although there are many circumstances subsequently occurring that bear a suspicious aspect, nothing has been discovered which goes to impeach the original validity of the deed of trust or to show it was a mere voluntary conveyance executed with a purpose to defraud. If this is to be taken as true, then the subsequent purchase by Henry Vorhauer of the property thus subjected to the valid lien of the deed of trust, at a sale thereunder, and the payment of the purchase price, $5,700 therefor, can not be successfully attacked as fraudulent, unless there is evidence to support the charge, and nothing of this nature is disclosed by this record to that effect. The deed of trust in question was made February 10, 1894; a sale thereunder occurred on July 12, 1894, at which Henry Vorhauer bought the property involved in this litigation. On May 1, 1895, Emil Vorhauer shot plaintiff, and this shooting resulted in the recovery of the judgment in 1896, which is made the basis of the present proceeding. Upon this state of facts plaintiff occupies the attitude of a subsequent creditor. A prior conveyance made upon a valuable consideration can not be set aside at the suit of a subsequent creditor, unless such conveyance was made with actual intent to defraud him or the class to which he belongs.

In Payne v. Stanton, 59 Mo. loc. cit. 159, WAGNER, J., touching this subject, remarks: "The doctrine is well settled that a voluntary conveyance by a person in debt, is not, as to subsequent creditors, fraudulent *per se*. To make it fraudulent, as to subsequent creditors, there must be proof of actual or intentional fraud. As to creditors existing at the time, if the effect and operation of the conveyance are to hinder or defraud them, it may as to them, be justly regarded as invalid,

but no such reason can be urged in behalf of those who become creditors afterwards."

It will be here noted that the doctrine announced extends even to *voluntary* conveyances, so far as concerns *subsequent* creditors.

Chancellor KENT, who maintains the most rigid doctrine with regard to the effect of voluntary conveyances against creditors, after a full examination of the authorities, concedes, "that actual fraud, or fraud in fact, must be proved in order to set aside a prior voluntary conveyance at the suit of subsequent creditors. It is needless to enter into an examination of the cases, to maintain this doctrine; it has been done already, and by those whose capacity can not be questioned." The learned judge then refers to Reade v. Livingston, 3 Johns. Ch. 501; 2 Story's Eq. Jur., secs. 355-366; Sexton v. Wheaton, 8 Wheat. 229; and Ridgeway v. Underwood, 4 Wash. C. C. 137. Numerous decisions of this court attest the uniformity of our rulings on this subject. [Frank v. Caruthers, 108 Mo. 569; Snyder v. Free, 114 Mo. 360; Lander v. Ziehr, 150 Mo. loc. cit. 413, and cas. cit., and other cases.] Our Courts of Appeals have added to the list of similar decisions, as shown by briefs of counsel. This is the doctrine also of the text-writers and of the courts in other jurisdictions, as shown by the brief of counsel for defendants.

"The date when the agreement or obligation came into existence governs in determining the complaining or attacking creditor's rights. As elsewhere shown, a person whose claim arises from a tort, such as libel or slander, is a creditor. The date the tort or injury was committed governs in determining the creditor's status, where the conveyance was made in pursuance of a fraudulent design to defeat the judgment which might be recovered upon it. In such case the transfer will be set aside, if actual fraud is established. It is not enough that

the conveyance is constructively fraudulent." ·[Wait, Fraud. Convey. (3 Ed.), sec. 90.]

In another place the same author observes: "We have elsewhere seen that, generally speaking, a voluntary alienation is, as to existing creditors, according to some cases, presumptively fraudulent, but, as to subsequent creditors, a fraudulent intent must be proved or established. The element of contemplated future indebtedness or future schemes of fraud must be introduced." [Ib., sec. 202.]

Chancellor KENT, in his celebrated judgment pronounced in Reade v. Livingston, a case already noticed, said: "The cases seem to agree that the subsequent creditors are let in only in particular cases; as where the settlement was made in contemplation of future debts, or where it is requisite to interfere and set aside the settlement in favor of the prior creditor." [3 Johns. Ch. 497.]

Now, there is no evidence that Emil Vorhauer when he made the deed of trust in February, 1894, for the benefit of his brother William, intended to shoot Krueger on the twelfth day of May, 1895. As such evidence has not been shown, it is difficult to see how Krueger could overthrow and have annulled a prior deed of trust in the entire absence of evidence to show the existence of the intent mentioned, at the time mentioned. Under the authorities cited, and in the circumstances stated a voluntary conveyance would be good against Krueger, suing as a subsequent creditor, and *a fortiori,* a conveyance made upon a valuable consideration.

If after the execution of the deed of trust of date February 10, 1894, Emil Vorhauer entered in schemes for defrauding his existing and subsequent creditors, this could have no *retroactive* effect on prior transactions, nor impeach nor impair their validity. The wife, it seems, was the only current creditor, and her claim for alimony being satisfied, and there being

no other current creditors who might have been hindered and defrauded, and this satisfaction occurring before plaintiff recovered judgment for the tort, even if Emil intended to defraud his wife of her alimony, by means of the deed of trust aforesaid, the wife's claim being satisfied, plaintiff can not be permitted to set up the old fraud and thus avoid the conveyance of February 10, 1894, nor that of May 12, 1894. [Gray v. Folwell, 57 N. J. Eq. 446.]

For these reasons the decree entered below will be reversed. All concur.