E. SPENCER CLARK, Plaintiff in Error, v. R. B. LEWIS, MABEL V. MICKEL, GEORGE T. MICKEL, SIDNEY H. WHEELHOUSE and CLARA M. WHEELHOUSE.

Division Two, December 15, 1908.

1. **FRAUDULENT CONVEYANCE: Withholding Deed from Record.** The mere withholding of a deed or mortgage from record does not *ipso facto* vitiate the conveyance. It is only when the withholding of the instrument from record gives to the grantor, upon the faith of the ownership of the property by him conveyed, a fictitious credit, and some one has thereby been misled to his injury, that such failure to record will be held to be fraudulent.

2. ———: ———: **Burden of Proof.** And before an execution purchaser can be held to be entitled to have the unrecorded deed set aside as in fraud of his rights, it devolves upon him to prove that because of such failure a fictitious credit was given to the execution debtor (the grantor) and that his creditors relied thereon to their damage.

3. ———: ———: **Fictitious Credit: Execution Purchaser.** In the absence of evidence that the payee accepted the notes which were the subject of the execution sale, or that the grantor's co-makers signed them, relying upon the grantor's ownership of the property, and that some of them sustained damage by reason of the grantee's failure to record the deed, the purchaser at the execution sale under a judgment on the notes, rendered a year after the deed was recorded, cannot complain that the deed was not recorded before the notes were made; especially, if such execution purchaser was notified at the sale that the grantee was the owner of the property.

4. ———: ———: ———: **Notice: Forgotten.** Notice once fixed upon a co-maker of the note that the grantor had conveyed the property to his sister and that the deed was with a certain real estate firm, continues to be notice to such co-maker, even though long forgotten. And if such notice was given before the grantor's co-maker executed the notes to the bank, the fact that the deed had not then been recorded does not tend to establish a fraudulent conveyance as to such co-maker, for he could not have given the grantor credit upon the faith of his ownership of the property, since he had been informed by the grantor that he had conveyed it to his sister. .

5. ———: **Fraudulent Intent: Proof.** Unless the voluntary deed to his sister was made with the intention on the grantor's part of contracting further debts and to avoid the payment of them, it was not fraudulent as to subsequent creditors. Such intention may be shown by proof of the insolvency of the grantor at the time of the conveyance, or though solvent that he was rendered insolvent by reason thereof.

6. ———: ———: **Proof of Insolvency.** Where the only debts the grantor owed at the time of the conveyance to his sister, were a prior incumbrance of $4,700 on the property and $1,700 he owed her, he was not rendered insolvent by the conveyance.

7. ———: **Voluntary Deed: Consideration.** Although the deed recited a consideration of only one dollar, it may be shown by oral testimony that the real consideration was a prior indebtedness to the grantee of $1,400 and $300 borrowed at the time. Such a deed is not voluntary.

Error to St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*R. M. Nichols* for plaintiff in error.

(1) The withholding of the deed of May 8, 1902, by Mickel, from the record, gave to Wheelhouse the *indicia* of ownership of the property until Ritter entered into the contract of February 14, 1903, and discounted the note of June 19, 1903, with the bank. Upon that evidence of his solvency in the contract, Ritter was led to give him credit. The deed, whether construed as an absolute conveyance or a mortgage, should

be in equity postponed to the rights of the execution purchaser. Bank v. Doran, 109 Mo. 40; Bank v. Buck, 123 Mo. 141; Gentry v. Field, 143 Mo. 400; Hoard v. Harland, 143 Mo. 469; Bank v. Newkirk, 144 Mo. 473; Wall v. Brady, 161 Mo. 627; Lander v. Ziehr, 150 Mo. 403. (a) The testimony of Wheelhouse and Mickel that they had a settlement the day previous to the date of the deed in which Wheelhouse's indebtedness to his sister was approximated at $1,700, if true, shows a deliberate false statement of the consideration in the deed or mortgage, which is of itself a badge of fraud. Benne v. Schnecko, 100 Mo. 250; National Tube Works v. Ring Refrigerator Co., 118 Mo. 365; Boland v. Ross, 120 Mo. 208; Glasgow Milling Co. v. Burns, 144 Mo. 192. (b) Wheelhouse's possession of the premises after he had made an absolute deed of conveyance is a badge of fraud. King v. Moon, 42 Mo. 552; Rice v. Sally, 176 Mo. 107; Bank v. Miller, 163 N. Y. 164. (c) The deed to Mickel was put of record June 26, 1903. Suit resulting in judgment against Wheelhouse was filed February 26, 1904. The account with Mickel for rents was opened by Gerhart November 10, 1904. Wheelhouse's effort to give effect to this deed was because of the filing of the suit against him, and these acts in themselves are badges of fraud. Mason v. Perkins, 180 Mo. 702; McCollum v. Crane, 101 Mo. App. 522. (d) The conveyance by deed of all of Wheelhouse's property to his sister who at the time was in his employ or engaged with him are facts properly to be considered in connection with evidence tending to impeach her alleged claim of mortgagee for fraud. Schroeder v. Walsh, 120 Ill. 403; Whitson v. Griffis, 29 Kan. 211; Goodale v. Wheeler, 41 Ore. 190; Mellier v. Bartlett, 106 Mo. 381; Martin v. Fox, 40 Mo. App. 664. (e) The giving of the absolute conveyance to his sister to secure her, as she claimed, in an account, the items of which she had destroyed, in a sum aggregat-

ing $1,700, was in itself a fraud, if the deed was intended to operate only as a security as against Wheelhouse's creditors, because the conveyance was a secret trust for the grantor's benefit in excess of the alleged debt. Patterson v. Letton, 56 Mo. App. 325; Brown v. Bradford, 103 Ia. 378; Beidler v. Crane, 135 Ill. 92; Watkins v. Arms, 64 N. H. 99; White v. Megill, 18 Atl. 355; Barnhardt v. Brown, 122 N. C. 587. (2) The deed conveying a valuable equity worth $2,300 from Wheelhouse to his sister for a consideration of one dollar was a voluntary conveyance. Lionberger v. Baker, 88 Mo. 454. (3) The relationship of the parties and the conveyance of this valuable equity for a consideration of one dollar were circumstances which themselves would constitute the transaction, either as to prior or subsequent creditors, fraudulent. Farewell v. Myer, 67 Mo. App. 566; Robinson v. Dryden, 118 Mo. 535. (4) A purchaser at an execution sale becomes vested with all of the rights of the creditor in the execution and is clothed with all of his remedies against all of the fraudulent contrivances of the debtor. Gentry v. Robinson, 55 Mo. 260; Lionberger v. Baker, 14 Mo. App. 353, 88 Mo. 454.

*Fordyce, Holliday & White* for defendants in error; *C. M. Polk* of counsel.

The deed to Mrs. Mickel should not be set aside because the necessary evidence to justify such action was not presented at the trial. The evidence being lacking and deficient in the following particulars: (1) There was no actual fraud or fraudulent intent shown on the part of Wheelhouse at the date of executing the deed as to past, present or future creditors, as is necessary to set aside even a voluntary conveyance, which this was not. Payne v. Stanton, 50 Mo. 159; Krueger v. Vorhauer, 164 Mo. 156; Bank v. Simpson, 152 Mo. 638; Lander v. Ziehr, 150 Mo. 403; Johnson v. Mur-

phy, 180 Mo. 597.  (2)  There was no concurrence by Mrs. Mickel shown in any fraudulent intent on the part of the grantor at the time of the execution of the deed.  She was a creditor and could legally be preferred.  National Tube Works v. Machine Co., 118 Mo. 375; Forrester v. Moore, 77 Mo. 659; Rice-Stix D. G. Co. v. Sally, 198 Mo. 682; Gust v. Hoppe, 201 Mo. 300. (3)  There was no connivance or agreement between grantor and grantee to keep the deed off of record, and the mere fact of keeping the deed from record is at best but one link in the chain of evidence necessary to show fraud.  Hord v. Harlan, 143 Mo. 469; Jones v. Levering, 116 Mo. App. 377; Wall v. Beedy, 161 Mo. 625.  (4)  No one was shown to have been injured by the conveyance or the failure to record it. Both Ritter, if he can claim to have been injured, and Clark had notice of the deed, and therefore cannot ask to have it set aside.  Wall v. Beedy, 161 Mo. 625; Bank v. Frame, 112 Mo. 513; Bank v. Newkirk, 144 Mo. 473; Bank v. Rohrer, 138 Mo. 369.

BURGESS, J.—This is a suit in equity by which plaintiff seeks to have a certain deed, made by Sidney H. Wheelhouse and Clara M. Wheelhouse, conveying certain real estate in the city of St. Louis to Mabel V. Wheelhouse (Mickel), held and declared void and of no force or effect, and the title to said real estate declared to be well vested in the plaintiff, and for other relief.

Defendants George T. Mickel and Mabel V. Mickel (sister of Sidney H. Wheelhouse) are husband and wife, and defendants Sidney H. Wheelhouse and Clara M. Wheelhouse are husband and wife, all residents of the State of Illinois; and defendant R. B. Lewis is tenant of house No. 4120 Westminster Place, in the city of St. Louis, Missouri, hereinafter described.

Plaintiff avers in his petition that prior to May 18, 1902, said Sidney H. Wheelhouse, defendant, was seized and possessed of the following described real estate in the city of St. Louis, Missouri, to-wit: The western one foot and eleven inches of lot thirteen, and the eastern twenty-four feet and one inch of lot twelve of N. Coleman's subdivision of Block 3300 of P. Lindell's second division, in City Block 3912 of the city of St. Louis, said lot having a front of twenty-six feet on the south line of Westminster Place, by a depth southwardly, between parallel lines, of one hundred and forty-two feet and six inches, to an alley fifteen feet wide, upon which said property there is situated a two-story dwelling house known as No. 4120 Westminster Place. That said Sidney H. Wheelhouse became indebted, jointly with the St. Louis Autolectric Company, E. P. V. Ritter and E. R. Kemp, to the Fourth National Bank of St. Louis, on February 21, 1903, in the sum of three thousand dollars, which was evidenced by a promissory note signed by said Autolectric Company, E. P. V. Ritter, E. R. Kemp and Sidney H. Wheelhouse, maturing four months after date, which indebtedness became due on June 19, 1903; that thereupon the said indebtedness was renewed with the said bank by the execution of a renewal note which matured November 24, 1903, and that said indebtedness was further renewed by all of said parties, which last renewal matured thirty days after November 24, 1903; that thereafter, on February 13, 1904, said E. P. V. Ritter paid on said indebtedness the sum of one thousand dollars, and the said Fourth National Bank, for value received, transferred, sold and delivered the said note to John S. Leahy, who thereafter, on February 27, 1904, instituted suit in the circuit court of the city of St. Louis against the said Sidney H. Wheelhouse for the balance due upon the said note, and recovered judgment, on May 18, 1904, for the sum of two thousand

and forty dollars, with interest at eight per cent per annum.

Continuing, the petition states that execution was issued upon said judgment in favor of said John S. Leahy and against said Sidney H. Wheelhouse on June 7, 1904, directed to the sheriff of the city of St. Louis, and that the sheriff levied upon and seized all of the right, title and interest of the said Sidney H. Wheelhouse in and to the said real estate, and, after advertising the same in accordance with law, sold at public auction, on July 1, 1904, all the right, title, interest claim, estate and property of said Sidney H. Wheelhouse in and to said real estate, to the plaintiff, for the sum of one hundred and twenty-five dollars, he being the highest and best bidder, and delivered to him a deed dated July 1, 1904.

"Plaintiff further avers that while the said Sidney H. Wheelhouse was so seized and possessed of the above-described real estate, and on, to-wit, May 8, 1902, he pretended to convey to Mabel V. Wheelhouse, then of the city of St. Louis, all of his right, title and interest in and to the said property for the consideration of one dollar, but that the said pretended conveyance was not recorded until on, to-wit, June 26, 1903, on which date the same was recorded in the recorder's office of the city of St. Louis, in book 1720, at page 202; that the said conveyance was purposely kept off of record by connivance and consent, and with the intent of the said Mabel V. Wheelhouse and Sidney H. Wheelhouse of giving to the said Sidney H. Wheelhouse the appearance of owning said property, among those with whom he had business dealings and transactions; that the said conveyance was made by the said Sidney H. Wheelhouse to the said Mabel V. Wheelhouse without any consideration passing from the said Mabel V. Wheelhouse to the said Sidney H. Wheelhouse, or any consideration therefor whatever, and with the purpose

Clark v. Lewis.

and intent of hindering, delaying, cheating and defrauding his creditors, prior and subsequent thereto, and especially his joint obligors of said note, and the renewals thereof, and the holder or holders thereof, and especially the plaintiff herein; that the said Sidney H. Wheelhouse claimed to his said co-obligors of the said note, and the renewals thereof, and to the holder or holders thereof, at the date of the accrual of the said indebtedness, that he was the owner of the said property, and at that time he was in possession thereof, which was long after the date of the said deed to the said Mabel V. Wheelhouse; and that the said joint obligors in the said note entered into the said contract of indebtedness and said note was discounted by the holders thereof upon the belief that the said Sidney H. Wheelhouse was the owner of the said property; that the said property was all the property, real or personal, owned by the said Sidney H. Wheelhouse at that time, or the present time, out of which an execution could be made, and that the said conveyance thereof rendered him insolvent.

"Plaintiff further avers that the said Mabel V. Wheelhouse is the sister of the said Sidney H. Wheelhouse, and that after the conveyance to her of the said real estate she married her co-defendant herein, George T. Mickel.

"Plaintiff further avers that the said conveyance to the said Mabel V. Wheelhouse (now Mickel) was and is fraudulent and void as against the rights of the plaintiff herein; that the said conveyance upon its face appears to be a valid conveyance and that only by the introduction of testimony showing the character of the same can the said conveyance be proven and shown to be absolutely void and of no legal effect, and that by reason of its appearance of record as a valid conveyance and instrument it casts a cloud upon the title of the plaintiff to the said real estate.

"Plaintiff further avers that the said Mabel V. Wheelhouse (now Mickel), through her tenant and co-defendant herein, R. B. Lewis, is in possession of the said premises, the said Lewis paying rent therefor to the said Mabel V. Wheelhouse (now Mickel), but for the use and benefit of the said Sidney H. Wheelhouse; that the said R. B. Lewis is in possession and occupying the said premises, and that the said premises are reasonably worth fifty dollars per month; that the said R. B. Lewis should pay the said amount as the reasonable value for the use and occupation of the said premises to the plaintiff herein, but that although often demanded so to do he refuses to pay the same, or any part thereof, to the plaintiff.

"That by reason of the premises plaintiff has no adequate remedy at law to enable him to remove the said cloud upon the said title and to recover the possession of the said property."

Plaintiff prays that the deed dated May 8, 1902, made by the said Sidney H. Wheelhouse and Clara H. Wheelhouse to Mabel V. Wheelhouse (now Mickel), be held and declared utterly void and of no force or effect, and that the title to the said real estate be adjudged and declared to be well vested in the plaintiff by virtue of the deed made by Sidney H. Wheelhouse, by and through the sheriff of the city of St. Louis, to the plaintiff, duly recorded in the recorder's office of the city of St. Louis, in book 1793, at page 1, unaffected by the alleged or claimed title of the said Mabel V. Wheelhouse (now Mickel); and prays for judgment against defendant R. B. Lewis for the reasonable value of the use and occupation of the said premises from the first day of July, 1904, to the date of the trial of this cause, and that said R. B. Lewis be required to surrender up to the plaintiff the possession of said premises, or acknowledge plaintiff as landlord thereof

by the payment of rent to plaintiff; and prays for his costs in this behalf expended.

The defendants, Mabel V. Mickel, George T. Mickel, Sidney H. Wheelhouse and Clara M. Wheelhouse, by their answer admit that said Sidney H. Wheelhouse, by deed dated May 8, 1902, and recorded June 26, 1903, did convey to Mabel V. Mickel, then Mabel V. Wheelhouse, the real estate described in plaintiff's petition, but deny that said conveyance was kept off of record by connivance or consent, and with the intent, of either said Mable V. Mickel or said Sidney H. Wheelhouse, of giving to the latter the appearance of owning said real estate among those with whom he had business dealings; deny that there was no consideration for said conveyance, and deny that said conveyance was made for the purpose and intent by either said Sidney H. Wheelhouse or said Mabel V. Mickel of hindering, delaying, defrauding or cheating the creditors of said Sidney H. Wheelhouse. Further answering, the defendants state that said Sidney H. Wheelhouse, at the time of said conveyance, was and still is the head of a family, and owned and occupied and claimed as his homestead the real estate set out and described in plaintiff's petition, and that said real estate was his homestead within the meaning of section 3616 of the Revised Statutes of Missouri, 1899.

For reply, plaintiff denies each and every allegation of new matter in the defendants' answer contained.

The record discloses that on May 8, 1902, Sidney H. Wheelhouse and his wife, Clara, executed a warranty deed to the former's sister, Mabel V. Wheelhouse, who was subsequently married to George T. Mickel, conveying to her the premises in the city of St. Louis known as 4120 Westminster Place, for a consideration of one dollar, subject to incumbrance on the property aggregating $4,700. While the deed was

absolute on its face, it was, according to the evidence, intended as a mortgage to secure an indebtedness to the grantee amounting to $1,700. Immediately after the deed was made Wheelhouse went to Texas, but before going he stated to the Gerhart Real Estate Company, to whom he delivered the deed, that his sister, the grantee, would instruct them as to its disposition. This deed remained in the possession of the real estate company until June 26, 1903, when it was, by order of Mabel V. Wheelhouse (Mickel), placed on record. Miss Wheelhouse, the grantee, moved into and took possession of the premises and remained there until her brother, Sidney H. Wheelhouse, returned from Texas, a few months afterwards, when she and her mother vacated the premises, and Wheelhouse and his wife resided there until they left the premises to remove to Chicago and take up their residence in that city in February, 1904. The testimony is that he did not pay any rent to his sister while occupying the premises, but that he paid the taxes and insurance thereon.

On February 14, 1903, Wheelhouse entered into a contract with one Kemp and E. P. V. Ritter, the object and purpose of which was the forming of a corporation to be known as the St. Louis Autolectric Company, with a capital stock of $100,000, two of the provisions of which said contract were as follows:

"Seventh. That the said E. P. V. Ritter is at once to negotiate a note for the sum of $3,000, made by the three parties hereto, and is to use the proceeds thereof as may be necessary in the interest of the company.

"Tenth. S. H. Wheelhouse, so long as the company has any outstanding bills payable, agrees that the property, No. 4120 Westminster Place, now in his name and unincumbered except for the sum of $4,700, shall not be transferred or incumbered by him without the consent of said E. P. V. Ritter."

After said contract was signed, and pursuant thereto, the parties executed the following note:

"$3,000.                      St. Louis, Mo., June 19, 1903.

"Three months after date we promise to pay to the order of the Fourth National Bank of St. Louis, three thousand dollars, for value received, at the Fourth National Bank of St. Louis, with interest from maturity at the rate of 8 per cent. per annum.

"S. H. WHEELHOUSE, E. P. V. RITTER, ST. LOUIS. AUTOLECTRIC CO., E. R. KEMP."

When said note became due, it was renewed by another note for the same amount on September 22, 1903, signed by the St. Louis Autolectric Co., by S. H. Wheelhouse, president, E. R. Kemp and E. P. V. Ritter. This indebtedness was taken care of by another note on November 24, 1903, signed by the same parties, upon which note, some time after maturity, E. P. V. Ritter paid one thousand dollars.

Subsequently, on the 26th day of February, 1904, John S. Leahy, as indorsee of this last note, filed suit against S. H. Wheelhouse in the circuit court of the city of St. Louis, and judgment was rendered in favor of Leahy and against Wheelhouse for $2,040, together with interest and costs of suit. An execution was issued upon said judgment and a levy made upon Wheelhouse's interest in the above-described property. A sale was had under the execution, and the plaintiff herein, E. Spencer Clark, became the purchaser of all the right, title and interest of S. H. Wheelhouse in and to said property, for the sum of $125, the sheriff's deed conveying the interests of Wheelhouse in said property to Clark being recorded on the 18th day of July, 1904. It appears that at said sale Mr. T. P. Young, representing Mabel V. Wheelhouse (Mrs. Mickel), announced that the property belonged to Mrs. Mickel, and that whoever purchased it would not get a good title. It also appears from the evidence that Clark purchased

Mr. Wheelhouse's interest on behalf of the Nichols-Ritter Real Estate & Financial Co., of which E. P. V. Ritter was a stockholder and an officer.

The testimony of S. H. Wheelhouse shows that at the time he executed the deed to his sister he contemplated changing his business location from St. Louis to Dallas, Texas. He could not state positively that Mr. Ritter knew the details of the transfer, but that Ritter knew that the property had been placed in his sister's hands and that she would execute any deed to the property in the event it was sold while he was away. The property was at the time being offered for sale by the Nichols-Ritter Company. He testified that he had not seen the deed to his sister from the time it was executed until the date of his testimony; that he did not know why it was not recorded until June 30, 1903, but that his understanding was that it was not recorded, anticipating that the property might be sold. The day before the deed was made he had an accounting with his sister, when it was ascertained that he owed her about $1,400 for moneys advanced, and she thereupon advanced him about $300 more to pay some debts which he owed, and in order to secure this $1,700 he made her this deed, which was regarded by them as a mortgage. The property was valued at $7,000, and in the event it was sold while he was away, whatever remained of the price, after the payment of the incumbrances amounting to $4,700 and $1,700 which he owed his sister, was to be forwarded to him. He further testified that there was no agreement between him and his sister about keeping the deed from the record, that after it was recorded he received a letter from her stating that fact, and that he so informed Mr. Ritter and, perhaps, showed him that letter.

The testimony of Mabel V. Mickel, formerly Wheelhouse, was that she kept an incomplete record of the various loans made by her to her brother dur-

ing a period of seven or eight years prior to the date of the deed, and that the memoranda of these loans was destroyed when the deed was made. She had paid medical expenses for her brother and advanced him various sums of money, all amounting to about $1,400, and at the time of the transfer she gave him $300. She testified that there was no understanding between her and her brother as to the recording of the deed, and that she told the Gerhart Real Estate Company to hold the deed until she directed them to record it; that she did not think it was necessary to record the deed at the time it was executed. About a month before the trial she had had an offer of $6,400 for the property, the same being made through the real estate company, and she advised the company to accept it. She further testified that at the time of the conveyance to her, her brother was married and living at 4120 Westminster Place as his home.

Frank J. Frick, bookkeeper for the Gerhart Real Estate Company, and notary public, testified that he drew the deed at the suggestion of Mr. Wheelhouse, who said he wanted it in favor of his sister to whom he owed some money; that Wheelhouse was not consulted with reference to the property after this conveyance was made, and that Mrs. Mickel was the person consulted; that some time after the deed was made and left with the real estate company there was an offer of $6,000 for the house; that Wheelhouse came into the office and witness spoke to him about this offer, whereupon Wheelhouse said, "You will have to communicate with my sister with reference to that—she now owns the property." He further testified that the house had been rented to parties in 1904, and that Mabel V. Mickel and Clara M. Wheelhouse opened an account on the books of the real estate company for the first time in May, 1904, which account was closed July 13, 1904, and another account opened in

the name of Mabel V. Mickel on November 10, 1904; that Mrs. Wheelhouse, wife of S. H. Wheelhouse, owned the furniture in the house, and that one-third of the rent was paid to her.

E. P. V. Ritter testified that he learned from Mr. Wheelhouse, before the latter went to Texas, that he left a deed in the hands of the Gerhart Real Estate Company for the purpose of facilitating a sale of the property; that Wheelhouse said it was a quitclaim deed, and asked him to sell the property; that at the time he signed the joint note with Wheelhouse he relied upon the credit of the latter as owner of the property in question, and that otherwise he would not have signed it. He further stated that the Auto-lectric Company, to promote which $3,000 had been borrowed on said note, proved a failure and that neither he nor Wheelhouse had ever got back any of the money invested therein.

After hearing all the evidence, the court rendered judgment in favor of the defendants, and against plaintiff for costs, from which judgment plaintiff appealed.

The first insistence of the plaintiff is that the withholding by Mrs. Mickel of the deed of May 8, 1902, from record, gave to Wheelhouse the indicia of ownership of the property until Ritter entered into the contract of February 14, 1903, and discounted the note of June 19, 1903, with the bank; that upon that evidence of Wheelhouse's solvency, Ritter was led to enter into the contract, and that, under such circumstances, the deed, whether construed as an absolute conveyance or a mortgage, should in equity be postponed to the rights of the execution purchaser.

The mere withholding a deed to, or mortgage upon, land from record will not *ipso facto* vitiate the instrument. It is only when the withholding the instrument from record gives the grantor, upon the faith of the ownership by him of the property conveyed,

a fictitious credit, and some one has thereby been misled to his injury, that such failure to record will be held to be fraudulent. [Bank v. Buck, 123 Mo. 141; Bank v. Doran, 109 Mo. 40; Bank v. Frame, 112 Mo. 515; Bank v. Rohrer, 138 Mo. 369; Gentry v. Field, 143 Mo. 399.] Indeed, plaintiff's claim that the rights of Mrs. Mickel under said deed should be postponed to the rights of plaintiff, as execution purchaser, seems to be an afterthought, nothing of the kind having been prayed for in his petition.

Before plaintiff would be entitled to have the deed to Mabel V. Wheelhouse (Mickel) set aside upon the ground of her failure to place it upon record, it devolved upon him to prove that because of such failure a fictitious credit was given to Wheelhouse, and upon which creditors relied to their damage. [Gentry v. Field, supra; Bank v. Newkirk, 144 Mo. 472; Wall v. Beedy, 161 Mo. 625.] Leahy did not acquire his interest in the property until June 7, 1904, when his judgment became a lien thereon (if the property was then subject to sale under execution), while said deed was recorded in the proper office in the city of St. Louis, on June 26, 1903, long before Leahy acquired his interest in the property. Besides, Clark, the plaintiff, was notified at the execution sale that Mrs. Mickel claimed title to the property, and in the absence of evidence that the Fourth National Bank discounted the note upon the faith of Wheelhouse's ownership of the property, or that plaintiff or Kemp signed the note relying upon Wheelhouse's credit, or that some of them sustained damage by so doing, plaintiff is in no position to complain of the failure to record the deed. It is not, however, claimed by counsel for plaintiff that either the bank or Kemp was misled or damaged by reason of the failure of Mrs. Mickel to record the deed. Plaintiff rests his right to recover upon the ground that Ritter, as claimed, was deceived

and damaged by reason of the fact that the deed was withheld from record, and thereby a fictitious credit given to Wheelhouse.

Ritter testified upon his cross-examination that he knew that Wheelhouse, before going away to Texas, had executed a deed to the property in question to his sister, and that this conveyance was at the office of Gerhart & Co. It would, therefore, seem impossible that Ritter, with knowledge of this fact, could have given Wheelhouse credit upon the faith of his ownership of the property. He testified that he was never told that the deed had been revoked, but that he had forgotten about it at the time of the agreement on February 14, 1903. This, however, makes no difference, for notice, once fixed upon him, was continuous from that time on. There is no contention that Wheelhouse ever executed any other deed to the property than the one to his sister, and there can be no question that said deed was the one of which he had notice long before entering into the contract with Wheelhouse and Kemp. Actual notice to Ritter of the existence of said deed was, as to him, just as effective as if the deed had been duly recorded at the time. In State Bank of St. Louis v. Frame, 112 Mo. 502, the plaintiff and defendant both claimed through the same grantor, plaintiff under an unrecorded conveyance, and defendant under a subsequent conveyance by the same grantor. The plaintiff contended that the defendant had actual notice of the conveyance, and the court held this to be a good defense. Therefore, unless the deed made by Wheelhouse was with the fraudulent intention of contracting further debts, and to avoid the payment of them, it was not fraudulent. Such fraudulent intention may be shown by proof, when available, of the insolvency of the grantor at the time of the conveyance, or though solvent that he was rendered insolvent by reason of the conveyance. There

was no such evidence in this case, for aside from the previous incumbrance of $4,700 on the property, the only debt owed by defendant Wheelhouse at the time was that covered by the deed or mortgage to his sister. So that it is evident that he did not render himself insolvent by this conveyance, and that he was not insolvent at the time the conveyance was made. It may be true that Wheelhouse became insolvent some nine months after the date of the conveyance and its acknowledgment; but the evidence falls far short of showing his insolvency or his contemplation of future indebtedness, or actual fraudulent intent on the part of Wheelhouse and participation therein by Mrs. Mickel, at the time the deed was executed.

While the consideration recited in the deed was one dollar, the evidence shows that Wheelhouse was indebted to his sister, the grantee therein named, in the sum of $1,700 and that this was the real consideration for the deed.

There is no proof that Mrs. Mickel knew at the time of the conveyance that Wheelhouse contemplated going into the Autolectric business, or that she knew or had reason to believe that the conveyance would render him insolvent, as it certainly did not. Moreover, there was no actual fraud or fraudulent intent shown on the part of Wheelhouse at the time of the execution of the deed to his sister, either as to existing or future indebtedness, as the law requires to set aside even a voluntary conveyance, which this was not. [Payne v. Stanton, 59 Mo. 158; Lander v. Ziehr, 150 Mo. 403; Krueger v. Vorhauer, 164 Mo. 156; Bank v. Simpson, 152 Mo. 638; Johnson v. Murphy, 180 Mo. 597.]

Our conclusion is that the judgment is for the right party, and should be affirmed.

The conclusion reached renders it unnecessary to pass upon other questions raised in the case.    Judgment affirmed.

All concur.