# JOHN LITSCHGI, Appellant, v. IDA GOTTLIEB et al.

### Division One, December 24, 1912.

FRAUDULENT CONVEYANCE: Failure to Record Deed.  A mother, at that time solvent, deeded her home to her daughter in 1901 for a recited consideration of five dollars, and the daughter did not record the deed until November 7, 1905. Meanwhile the mother had become surety on a bond to plaintiff and the principal defaulted about November 1, 1905. The daughter testified that she failed through oversight to record the deed until her brother-in-law suggested it, and further that she supported the family, and, before and after the conveyance, had cut down a mortgage on the property from $3000 to $750. The execution of the deed is not questioned nor is it claimed that the mother contemplated incurring any indebtedness when it was made. *Held*, in a suit by the obligee in the bond, that the failure to record the deed was not in itself such fraud as to warrant setting it aside.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Eugene McQuillin,* Judge.

AFFIRMED.

*George W. Lubke* and *George W. Lubke, Jr.,* for
appellants.

(1)   The conveyance from Henrietta Gottlieb and
her husband to Ida Gottlieb was voluntary as to the
grantor's creditors.   Johnson v. Burks, 103 Mo. App.
221.   (2)   The failure to record the deed until after
the liability from Henrietta Gottlieb to plaintiff ac-
crued, coupled with the continued possession of the
premises by the grantors, is evidence of fraud in law.
Baker v. Harvey, 133 Mo. 262; Stam v. Smith, 183
Mo. 464; Steward v. Thomas, 35 Mo. 202.   (3)   The
failure and neglect of Ida Gottlieb to record the deed
to her gave color to the statement of her brother to
plaintiff that his mother was a real estate owner, on
the strength of which plaintiff accepted her as sole
surety on the bond of her son.   It gave her a credit
in the eyes of the plaintiff which otherwise she would
not have had.   As to plaintiff, therefore, the deed is
fraudulent in law.   Bank v. King, 123 Mo. 141; Bank
v. Doran, 109 Mo. 40; Bank v. Frame, 112 Mo. 515.
Nor was it necessary that Ida Gottlieb should know
that credit was being extended to her mother while
the deed was being withheld from record in order that
the deed be declared fraudulent as to plaintiff.   Sin-
ger Mfg. Co. v. Stephens, 169 Mo. 1.

*H. A. & C. R. Hamilton* for respondents.

The failure to record a deed does not render the
conveyance fraudulent in law as to creditors, where
no fraud was intended.   It is only when the withhold-
ing of the instrument from record gives the grantor a
fictitious credit, and someone, on the faith of the ap-

parent ownership, has been misled to his injury, that such failure to record is fraudulent. 20 Cyc. 446, 447; Bank v. Rohrer, 138 Mo. 369; Gentry v. Field, 143 Mo. 399; Hord v. Harlan, 143 Mo. 469; Bank v. Newkirk, 144 Mo. 472; Wall v. Beedy, 161 Mo. 625; Clark v. Lewis, 215 Mo. 173.

BROWN, C.—For convenience we adopt the statement of appellant which seems to fairly present the issues.

"This suit was begun in the circuit court of the city of St. Louis on November 19, 1908, to set aside a deed executed by the defendants Henrietta and David Gottlieb, by which they conveyed to the defendant Ida Gottlieb a parcel of real estate situated in city block No. 3725, of said city, fronting thirty feet on Page avenue, and improved by the residence known as 4463 Page avenue, and to subject the property to the payment of a judgment for $993.12 interest and costs recovered by the plaintiff against the defendant Henrietta Gottlieb on August 7, 1907.

"The petition alleges that on July 17, 1905, the defendant Henrietta Gottlieb was the owner of the property mentioned, and that relying upon the fact that she was such owner about that time plaintiff accepted her as surety for William Gottlieb on a bond given to insure the faithful performance of a contract between said William Gottlieb and plaintiff to build for plaintiff a dwelling building he was about to erect at that time; that said William Gottlieb defaulted in the performance of this contract and abandoned the building when it was about half completed and about November 1, 1905, absconded from the State of Missouri; that thereafter plaintiff recovered judgment against the defendant Henrietta Gottlieb on said bond for $993.12 and costs on August 2, 1907, and that this judgment is final and wholly unsatisfied.

"The petition then alleges that the liability from

Henrietta Gottlieb to plaintiff began to accrue in the month of September, 1905, and that knowing the same, and with intent to hinder and defraud her creditors, particularly the plaintiff, said defendant caused to be recorded in the recorder's office of said city, on November 7, 1905, a deed of conveyance by which she pretended to convey to the defendant Ida Gottlieb the property mentioned for a pretended consideration of five dollars, which conveyance is dated December 3, 1901, and purports to be acknowledged before said William Gottlieb, as notary public, on December 4, 1901, nearly four years before it was recorded; that notwithstanding said conveyance the defendant Henrietta Gottlieb continued and continues to remain in possession of said property and enjoy the use and benefits of the same with the consent and knowledge of the defendant Ida Gottlieb and that the value of the same is forty-five hundred dollars; that the defendant Henrietta Gottlieb is insolvent and that unless said property can be reached and applied to the payment of said judgment the same must remain unsatisfied.

"The petition then prays that the conveyance be set aside as fraudulent and void and that the property be ordered sold for the payment of said judgment, that the defendants in the meantime be enjoined from selling or disposing of the property and for all other suitable equitable relief.

"The answer of the defendant Ida Gottlieb set up that the property in question was acquired by Henrietta Gottlieb long prior to December 3, 1901, and had been occupied by her and her husband as a homestead; that it had always been encumbered and that at no time was the equity of redemption of Henrietta Gottlieb therein worth the sum of three thousand dollars and that it was exempt from execution; that prior to December, 1901, she had advanced to Henrietta Gottlieb various sums of money used to make payments on

existing encumbrances on said property, and that in consideration of said advances Henrietta Gottlieb had conveyed to her the property in good faith and that she had acquired the same without notice that any one, other than Henrietta Gottlieb, had or claimed any interest in it.

"The answer of the defendants Henrietta Gottlieb and David Gottlieb was a general denial and a plea that the property was exempt as a homestead to the defendant Henrietta Gottlieb; that the defendant David Gottlieb had never claimed any homestead; and that the creditors of said Henrietta Gottlieb had and have no right to subject the property to the payment of their claims.

"The plaintiff put in issue all the new matter set up in the answers of the defendants respectively by replies denying generally all the allegations of such new matter.

"The evidence at the trial of the case before the Hon. Eugene McQuillin, judge of said court, showed that the property in question was acquired by the defendant Henrietta Gottlieb in 1893; that in 1905 the plaintiff entered into a contract with William Gottlieb, son of Henrietta Gottlieb, to erect a dwelling building for him; that as a condition of entering into the contract plaintiff required a bond of said William Gottlieb for the faithful performance of it and Gottlieb offered to give bond with his mother, who he represented owned real estate, as surety, and that thereupon the contract was entered into and the bond was given; that suit was afterwards brought on this bond by plaintiff and judgment rendered against her for the penalty of it, to be satisfied on payment of $993.12 and costs on August 2, 1907.

"That in the early part of November, 1905, when plaintiff's building was only partly finished, William Gottlieb abandoned the same and absconded from the State of Missouri because his financial affairs had be-

come involved; that within a short time after he had absconded, on November 7, 1905, the deed from Henrietta Gottlieb and David, her husband, to her daughter, Ida Gottlieb, which is sought to be set aside in this proceeding, was recorded. This deed recites a consideration of five dollars, is dated December 3, 1901, and was acknowledged before said William Gottlieb, as notary public, on December 4, 1901, nearly four years before it was recorded. The property at the date of the conveyance and since that date was admitted to be worth $4200 irrespective of the incumbrances on it.

"With respect to the consideration for the conveyance the defendant Henrietta Gottlieb testified that the five dollars recited in it was paid at the time the deed was made. The defendant Ida Gottlieb, however, testified that she was not present at the time the deed was made. Both these defendants testified that after the deed was made it was kept in a safe deposit box in the Lincoln Trust Company to which they and David Gottlieb had access, and that when this box was given up about the time of the World's Fair in 1904, the deed was taken to their home and kept in a tin box there. Ida Gottlieb testified that it did not occur to her to record the deed and that it was an oversight that it was not recorded until it was recorded; that in November, 1905, after her brother William had left, her brother-in-law came to the house, knowing that William was in financial trouble, and looked over the papers they had there and saw this deed and suggested that it be recorded.

"There was a deed of trust to secure $3000 against the property dated January 21, 1900. Ida Gottlieb testified that both before and after the date of the conveyance she was accustomend to turn over to her mother her earnings as school teacher and with these the family was supported and the incumbrance

on the property reduced by her mother; that there was no difference in the way the property was occupied and the payments made on the incumbrance and the taxes paid after the conveyance than before; that at the date of the conveyance a balance of $2800 remained unpaid on the deed of trust and that in the period that the deed was withheld from record this balance due was reduced to $1000; that thereafter the balance was still further reduced to $750.

"The evidence also showed that the property was always occupied by the defendants, David Gottlieb and his wife, Henrietta Gottlieb, and their children, and that the defendant David Gottlieb had no property."

It will be seen from the foregoing statement that the execution of the deed attacked in this suit is not questioned, either in the pleadings or evidence. Nor is it questioned that at the time of its execution in 1901, Miss Gottlieb, who was a school teacher in the public schools of the city of St. Louis, was devoting her entire earning capacity to the support of her father and mother, who were both nonproducing, and to the payment of the incumbrance on the lot, which, at the time of the trial, she had reduced from $3000 to $750. Nor is it claimed that Mrs. Gottlieb contemplated incurring any indebtedness other than that represented by the mortgage on her home at the time the deed to her daughter was made. That the arrangement represented by this deed was highly beneficial to the elder Gottliebs, and imposed a great burden upon the daughter, is self-evident; but it is claimed that the failure of Miss Gottlieb to record it for nearly four years after it was made was in itself such a fraud as vitiated the entire transaction designed as a provision for the parents and imposed upon the daughter the application of her earnings to the payment of her mother's indebtedness subsequently contracted.

While the failure to record a deed may be one of the steps in the scheme by which the grantee seeks to give the grantor a fictitious credit to be used for fraudulent purposes, so that one who becomes a victim of the deception may be relieved against it, there is in this case, it will be observed, an utter absence of evidence of fraudulent design in the beginning, or of any deception operating to the injury of the plaintiff in the end. The grantor was solvent, and the execution of the deed was evidently a part of a plan by which she hoped to be able to remain in that honorable and comfortable condition. It is not claimed that the plaintiff examined the records of deeds, or procured it to be done, before extending the credit implied by accepting her as surety on the bond. Had the deed been duly recorded at the time it was made, the same result would have followed, so far as anything appearing in this case indicates. In Clark v. Lewis, 215 Mo. 173, 189, this court, considering the same question, said:• "Therefore, unless the deed made by Wheelhouse was with the fraudulent intention of contracting further debts, and to avoid the payment of them, it was not fraudulent. Such fraudulent intention may be shown by proof, when available, of the insolvency of the grantor at the time of the conveyance, or though solvent, that he was rendered insolvent by reason of the conveyance." There being no evidence in this case of actual fraud or fraudulent intent shown on the part of Mrs. Gottlieb at the time of the execution of the deed to her daughter, either as to existing or future indebtedness, the court was right in refusing to subject the property to the payment of the plaintiff's debt. It follows that the judgment of the circuit court must be affirmed, and it is so ordered.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.