WOLCOTT *et al. v.* WILSEY, *Appellant.*

### Division One, November 3, 1897.

1. **Trustee:** PURCHASER AT TAX SALE FOR ANOTHER: DEED IN OWN NAME. The taxes on certain tract of land having been returned delinquent, suit for the same was brought by collector of the county. Judgment being rendered for the delinquent taxes, a special execution was issued and the land sold. The collector instituted the suit at the request of plaintiff herein who had an undivided interest in the land with the defendant heirs and acted in this behalf for herself and them for the purpose of perfecting the title in her. She furnished the collector with money to pay the taxes and cost of suit, and the collector in consideration thereof undertook to buy the land at the sale for her and to take the deed in her name. He took the deed to himself, and afterward by quitclaim deed conveyed to H., who afterward conveyed to one Wilsey. She instituted suit against Wilsey, and the collector was declared her trustee and the title vested in her. *Held,* that as the trust arises from the contract between her and the collector and the receipt by him from her of the purchase money for the title sold and not by reason of any interest she had in the land, she could maintain the suit against Wilsey although she was not made a defendant in the tax suit. *Held, further,* that the fact that she was using the machinery of the revenue law for the purpose of perfecting the title in her can not preclude her from maintaining the suit against Wilsey, it appearing she acted with the consent of the other heirs.

2. **Laches:** RELIEF IN EQUITY. Plaintiff resided in another county from which the land, sold for taxes, was situated; she was not infomed that the property was sold and that the collector had taken the deed in his own name until January 27, 1889, or that he has made a conveyance to H. until February 17, 1889. On October 23, 1891, she instituted an ejectment suit against H. to recover possession. Being defeated she appealed to the Supreme Court and the judgment was affirmed June 12, 1894. Within three months she brought this suit against Wilsey. *Held,* that there was no laches upon her part that should preclude the relief sought.

*Appeal from   Clark   Circuit   Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*Charles Hiller* and *O. S. Callihan* for appellants.

(1)   As Mrs. Wolcott was not made a defendant in the tax suit, and as her interest in the land was therefore not affected by the sale to Million, she can not maintain an action to set aside the sale, on the ground of fraud.   *Jones v. Babcock,* 15 Mo. App. 150; *Smith v. Harris et al.*, 43 Mo. 557; *Gardner v. Adams,* 12 Wend. (N. Y). 297.   (2)   The fact that plaintiffs were using the machinery of the revenue law for the avowed purpose of acquiring the title of their cotenants, should alone preclude them from obtaining relief in a court of equity, even if they otherwise had some right.   "He who comes into equity must come with clean hands."   1 Pom. Eq. Jur. [2 Ed.], sec. 397, 398; *Cassidy v. Metcalf,* 1 Mo. App. 593; *Wilson v. Railroad,* 120 Mo.. 45–59.   (3)   The record shows that plaintiffs delayed bringing this action until seven years after the alleged fraud was committed, and until the rights of third parties had intervened.   This of itself is sufficient to bar their right of recovery.   *Kelly v. Hurt,* 74 Mo. 561; *Burgess v. Railroad,* 99 Mo. 496; Bisph. Prin. Eq. [2 Ed.], sec. 260.

*Williams & Tyree* for respondents.

(1)   The trial judge properly held that Joseph H. Million took and held the land in question as trustee for respondent Phoebe A. Wolcott.   *Shaw v. Shaw,* 86 Mo. 598; *Paul et al. v. Chouteau,* 14 Mo. 580; *Valle v. Bryan,* 19 Mo. 424.   *Mabary v. Dollarhide,* 98 Mo. 198.   (2)   A resulting trust arises by operation of law, when the purchase money of real estate is paid by one person and the legal title is transferred to another. The relation of trustee and *cestui que trust* in such cases must result from the facts as they exist at the

time of or anterior to the purchase, and can not be created by subsequent occurrences. *Kelly v. Johnson*, 28 Mo. 249; *Darrier v. Darrier*, 58 Mo. 226; *Miller v. Davis*, 50 Mo. 572; *Hall v. Hall*, 107 Mo. 101. (3) The trial court found that previous to the purchase of the real estate by Million he agreed with Phoebe A. Wolcott to buy the same in at the sale, and take a deed therefor in her name, and that by an arrangement between said Phoebe A. Wolcott and Million she placed in his hands before the sale the sum of $35 to be used by him in the purchase of said real estate for her and in her name. Where in an equity case the evidence strongly tends to support the finding of the trial court, this court will only review questions of law. *Ford v. Phillips*, 83 Mo. 523; *Hendricks v. Woods*, 79 Mo. 590; *Snell v. Harrison*, 83 Mo. 651.

BRACE, J.—In an action instituted in the circuit court of Clark county by the State of Missouri at the relation of Joseph H. Million, collector of said county, against Peter H. Weaver *et al.* to recover taxes delinquent upon the premises (a small tract of thirteen acres in said county) described in the petition, judgment was rendered in favor of the plaintiff, and under a special execution thereupon issued, the same was on the twenty-sixth of October, 1888, sold to the said Joseph H. Million.

It appears very clearly from the evidence that this tax suit was instituted by the said Million at the instance and request of the plaintiff Phoebe A. Wolcott, who had an undivided interest in the land with the defendants therein, and acted in this behalf for herself and for them and with their consent, for the purpose of perfecting the title in Mrs. Wolcott; that she furnished Million with what was supposed to be a sufficient amount of money to pay the taxes and costs of suit,

and that in consideration thereof he undertook to buy the land at the sale for her and to take the deed in her name.   This he did not do, but bought the land in his own name and afterward on the twenty-seventh day of October, 1888, received from the sheriff a deed duly executed and acknowledged in open court conveying the premises to him.   Afterward on the fourteenth day of December, 1888, the said Million by quitclaim deed of that date conveyed the premises to one William Hand, who afterward on the sixth day of August, 1894, by quitclaim deed of that date conveyed the undivided five sixths thereof·to the defendant Charles Wilsey.   On the fifteenth day of September, 1894, this suit was instituted by the said Phoebe A. Wolcott and her husband, in which she asks that the defendant be declared a trustee for her of the legal title thus acquired by him and that the same be vested in her.   From the decree in the circuit court in favor of the plaintiff in accordance with this prayer, and the judgment against the defendant for costs, he appeals.

The *first* objection urged against the decree and judgment is, that as Mrs. Wolcott was not made a defendant in the tax suit, her interest therein was not affected thereby and she can not maintain this action. There is nothing in this contention.   The trust arises in this case from the contract between the plaintiff and Million and the receipt by him from her of the purchase money for the title sold, and not by reason of any interest she had in the land or relation she sustained to the suit otherwise than through him.

It is *next* contended. that the fact that the plaintiff was using the machinery of the revenue law for the purpose of perfecting the title in her as against her cotenants, should preclude the plaintiff from the relief sought.   This objection has no better foundation than the first.   It is apparent from the evidence that the

action of Mrs. Wolcott in this matter from the beginning was taken in conformity to the wishes of the other heirs, and with their assent, except, perhaps, as to one, a nonresident who had not been heard of for twenty years, and which fact seemed to them to render this course of proceeding necessary. The relation of these parties to each other and the land has nothing to do with the trust which Million for a valuable consideration assumed, and which a court of equity ought to enforce. The contention finds no support in the authorities cited. The *third* and last contention is, that the plaintiff, by delay in bringing this suit, has been guilty of such laches as should debar her of the relief sought. The evidence tends to prove and the court found that Mrs. Wolcott, who resided in Howard county, was not advised that the property was sold, and that Million had taken a deed therefor in his own name, until about January 27, 1889, or that he had conveyed the same to anyone until about the seventeenth of February, 1889. On the twenty-third of October, 1891, Mrs. Wolcott instituted an action in ejectment in the Clark circuit court against Hand to recover possession of the land, which seems to have been prosecuted upon the theory that the deed from the sheriff to Million was void by reason of the fact that he was at the time of his purchase the collector for whose benefit the land was sold. The trial court refused to sustain this contention, and upon appeal to this court the judgment of the circuit court was affirmed on the twelfth day of June, 1894, except as to one sixth of the land, to which the title of Mrs. Walton was unaffected by the deed. *Walcott v. Hand*, 122 Mo. 621. Within three months after the final judgment was entered in that case, she commenced the present suit. We fail to see any laches upon her part that should preclude the relief sought.

The judgment of the circuit court is affirmed. All concur.