## MEYER BROTHERS DRUG COMPANY, Appellant, v. WHITE et al.

### Division One, November 19, 1901.

1. **Fraudulent Conveyance:** PRIOR INDEBTEDNESS: TO HINDER AND DELAY CREDITORS. Where the debtor conveys his real estate by an absolute conveyance to the creditor, the just debt owing by him to the creditor is a good consideration for the deed, and unless such conveyance is made for the purpose of hindering, delaying or defrauding other creditors of the grantor, there is no ground for declaring it fraudulent under the Missouri statute. And where the deed was made to the cashier of a bank, instead of to the bank itself, the real creditor, it will still be held to be a valid conveyance and an honest preference to the bank if there was no evidence of any intention to hinder or delay the grantor's other creditors and the conveyance was clearly meant by both grantor and grantee to have been intended for the benefit of the real creditor. In this case, the grantor and grantee were brothers-in-law, and the latter was the *alter ego* of the bank, and had for fourteen years had his bank in New York to discount and renew the grantor's notes, to which his indebtedness at the time of the conveyance amounted to several times the value of the property conveyed, and when it was conveyed to the cashier he promptly turned it over to the bank. *Held,* that the mere fact that the cashier was made the grantee, was, under these circumstances, no ground for setting the conveyance aside, at the suit of other creditors, as being fraudulent.

2. **Attachment:** ADJUSTMENT OF EQUITIES BETWEEN DEFENDANTS. Where the trial court has properly dismissed plaintiff's bill in attachment and found for defendants on the merits, the plaintiff has no interest in the court's subsequent adjustment of the rights of defendants among themselves, and hence, whether or not that adjustment was proper, will not be considered on plaintiff's appeal.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*T. T. Rodes, R. B. Bristow* and *R. N. Bodine* for appellant; *J. E. McKeighan* and *M. F. Watts* of counsel.

.(1)	The defendants, James W. Lester and First National Bank of Saratoga Springs, New York, should not have been permitted to come in and defend and introduce evidence of acts subsequent to the institution of this suit and filing of the *lis pendens.* 13 Am. and Eng. Ency. of Law (1 Ed.), 871, 910. (2) The deed from White to Bockes was void for the want of consideration. 15 Am. and Eng. Enc. Law (2 Ed.), pp. 225 and 781.	(3)	A trust can not be created by parol.	R. S. 1899, sec. 3416; Rogers v. Ramey, 137 Mo. 598; Weiss v. Heilkamp, 127 Mo. 23; Gum v. Gates, 73 Mo. 115; Ellis v. Hill, 162 Ill. 557; Kyle v. Wills, 46 N. E. 112.

*James H. Whitecotton, James W. Lester* and *Thomas H. Bacon* for respondents.

(1)	Running through a series of years, various notes had been by White indorsed to Bockes and had been by Bockes indorsed and cashed at his bank and the proceeds thereof in the amount of $15,759.75 had been by Bockes duly remitted to White, who thereby became legally obligated to refund said amount to Bockes.	For this consideration, White, at a valuation price of $14,000, deeded to Bockes an equity found reasonably worth not exceeding°$7,000, and the trial court properly sustained said transfer.	(2)	As cashier and general manager, Bockes had for five years carried White's unsecured promissory demand note to the bank for $9,264.50 simply on payment of interest but without any renewal.	For said negligence Bockes was legally obligated to make good the default of his brother-in-law, and when, in pursuance of said obligation, at a valuation price of $14,000, White deeded to Bockes an equity duly found reasonably worth not exceeding $7,000, the trial court properly sustained said transfer.	(3)	Irres-

pective of Bockes' liabilities, a sale and direct conveyance at an adequate fixed price by White to Bockes of a reasonable amount of assets for the honest purpose of paying off White's valid indebtedness to the bank is not fraudulent and the same will be supported in law and equity. Dougherty v. Cooper, 77 Mo. 531; Nichols v. Ellis, 98 Mo. 344; State ex rel. v. Purcell, 131 Mo. 312; Baker v. Harvey, 133 Mo. 653; Kincaid v. Irvine, 140 Mo. 623. (4) The fact that Bockes was a relative does not impair the validity of the transfer. Ridge v. Greenwell, 53 Mo. App. 479; Van Raalte v. Harrington, 101 Mo. 602; Columbia v. Winn, 132 Mo. 80; Richardson v. Smart, 152 Mo. 623; Glasgow v. Burnes, 144 Mo. 192. (5) The burden of proof of fraud is always on the accuser, and this exaction applies to alleged fraud of grantee as well as of grantor. Bank v. Worthington, 145 Mo. 91; Hoeller v. Haffner, 155 Mo. 589.

BRACE, P. J.—The defendants in this case are Charles T. C. White, William Hay Bockes, and the First National Bank of Saratoga Springs, New York.

By general warranty deed dated the eighth day of May, 1893, the said White and his wife, Mary E. White, conveyed a tract of land situate in Monroe county, described in the petition, "containing 600 acres more or less, subject to a mortgage of $8,000, due June 1, 1896, to the said Bockes, which deed was on the same day duly acknowledged and recorded among the land records of said county, and afterwards delivered to the said Bockes. At the time of the execution of this deed the said defendant White was indebted to the plaintiff on three promissory notes, one dated December 12, 1892, for $1,146.95, one dated January 12, 1895, for $1,154, and one dated February 12, 1893, for $1,161.96, bearing interest from date at the rate of eight per cent per annum, in the aggregate sum of $3,462.91, with interest, according to the tenor of said notes. Afterwards, on the third day of June, 1893, the plain-

tiff instituted suit by attachment on said promissory notes in the circuit court of said county, and on the same day the writ of attachment was levied upon said land. On the sixth of June, 1893, he filed notice *lis pendens* thereof, and on the same day instituted this suit, which is an action to set aside and annul said deed on the ground that the same "was without consideration and was made with the fraudulent intent on the part of Charles T. C. White to hinder, delay and defraud his creditors, and especially to hinder, delay and defraud this plaintiff, and that said deed was, after the institution of the attachment suit . . . . delivered by said defendant White to and accepted by the said defendant Bockes with full knowledge on his part of the fraudulent intent aforesaid of the said Charles T. C. White, and with the further fraudulent intent on the part of each of said defendants to hinder, delay and defraud the creditors of Charles T. C. White, and especially to hinder, delay and defraud this plaintiff." The consideration recited in the deed is $22,000. Bockes is a brother-in-law of White. At the time of the execution of the deed, and for many years before, Bockes was, and since has been, the cashier of the First National Bank of Saratoga Springs, New York, and as such was its chief executive officer and general manager. The deed was signed by White and wife and acknowledged at Paris, the county seat of Monroe county, filed by White for record, and forwarded by mail, addressed to "Wm. Hay Bockes, Cashier, Saratoga Springs, New York," and the evidence tends to prove that it was delivered before the attachment suit was instituted. The evidence also tends to prove that the land at that time was worth about $15,000. It also appears from the evidence that White at that time was insolvent, *was not* indebted to Bockes, and that Bockes personally paid no consideration for the deed. But that White *was* indebted to the bank in the principal sum of $25,831.91, for money obtained by him from the bank through Bockes, on discounts and renewals of White's paper, running through a series of years—which

indebtedness was evidenced by promissory notes of dates, in amounts, and due as follows:

April 5, 1893, $9,264.50, due on demand.

December 17, 1892, $4,480.00, due March 8, 1893.

December 19, 1892, $2,890.00, due April 27, 1893.

December 31, 1892, $238.41, due May 3, 1893.

January 9, 1893, $4,182.00, due April 24, 1893.

January 12, 1893, $4,777.00, due May 3, 1893.

It does not appear that Bockes, the bank, or any of its officers, were cognizant of the financial condition of White at the time the deed was made.

Afterwards, on the thirteenth of January, 1894, by deed duly acknowledged and recorded, Bockes and wife conveyed the land to one Millard Lister, an unmarried employee of the bank, who thereupon executed an instrument in writing, declaring that he held the title for the bank.

Afterwards, at the April term, 1897, of the Monroe Circuit Court, the attachment was tried upon plea in abatement and sustained, and at the April term, 1898, of said court, the plaintiff's cause of action therein was tried upon its merits and it obtained judgment for $4,922.68, and at the same term it filed a second amended petition herein, to which at the same term the joint answer of all the defendants was filed, putting in issue all the material allegations of the petition, and setting up new matter upon which they asked affirmative relief *inter sese*. Issue was joined by reply, and upon the issues thus made up, the case was tried at the November term, 1898, of said court, the issues found for the defendant, and the following judgment and decree made and entered, upon the finding:

"Thereupon it is by the court considered, adjudged and decreed that the plaintiff take nothing by this suit, and that the plaintiff go hence without day; that said First National Bank of Saratoga Springs, New York, have and recover of said Charles T. C. White the sum of $34,683.17, and that execution issue therefor, and that all the fee simple absolute title in

said land, subject to said deed of trust incumbrance of $8,000 and unpaid interest, be sold at public vendue to the highest and best bidder for cash at the next term of this court, and that the proceeds thereof be applied: first, to the payment of all expenses, fees and commissions incurred in making said sale; second, to the payment of said indebtedness of said Charles T. C. White to the said First National Bank of Saratoga Springs, New York; and that the residue, if any, be paid to the said William Hay Bockes in his sole right. It is further by the court considered, adjudged and decreed that should said prior deed of trust be foreclosed before sale under this decree, the surplus proceeds of said sale be paid into the hands of the sheriff of Monroe county, Missouri, for administration and application in conformity to this decree. It is further ordered by the court that the defendants have and recover of the plaintiff final judgment, dismissing plaintiff on the merits, and that defendants recover of plaintiff their costs by them about this suit in this behalf expended, and that execution issue therefor; and it is further ordered that for the purposes of said sale and distribution, this cause be continued to the next term of this court." From which the plaintiff appeals.

The statute under which this action was brought provides that "any attaching creditor may maintain an action for the purposes of setting aside any fraudulent conveyance, assignment, charge, lien or incumbrance of or upon any property attached in any action instituted by him." [R. S. 1899, sec. 416.]

The only issue to be tried in this case was, whether the deed of May 8, 1893, from White and wife to Bockes, was fraudulent by reason of the fact that it was without consideration, or was made to hinder, delay or defraud the creditors of White, as charged in the petition. The court found that issue for the defendant, dismissed the plaintiff's bill, and rendered judgment against them for costs. That was a final judgment against them on the only legitimate issue in the case. From

which, they appeal to this court, and the review here must be confined to the action of the court in the trial and determination of that issue.    It is well-settled law in this State that a debtor whether solvent or insolvent, may prefer one or more of his creditors, and to that end may in good faith, by any suitable means, appropriate the whole or any part of his property to the payment, or part payment, of his just debts to one or more of his creditors, to the exclusion of others.    [Dougherty v. Cooper, 77 Mo. 528; Sexton v. Anderson, 95 Mo. 373; Nichols v. Ellis, 98 Mo. 344; Jaffrey v. Mathews, 120 Mo. 317; State ex rel. v. Purcell, 131 Mo. 312; Baker v. Harvey, 133 Mo. 653; Kincaid v. Irvine, 140 Mo. 615.]    Where the property is real estate and the appropriation is made by absolute deed of conveyance to the creditor, the just debt owing by the debtor to the creditor is a good consideration for the deed, and in such case unless the deed is made for the purpose of hindering, delaying or defrauding the other creditors of the grantor, there would be no ground for declaring it fraudulent, or setting it aside as against such creditors in an action under this statute.    The property in question in this case is an equity of redemption in real estate.    If the deed had been made to the bank instead of to Bockes, its cashier, there would have been no ground for setting it aside.    The debt of White to the bank, in the amounts stated, was a just one beyond question.    It clearly and satisfactorily appeared from the evidence that the deed was executed by White, delivered to and accepted by Bockes with no intention on the part of either to hinder, delay or defraud the other creditors of White, but in entire good faith upon the part of each that the proceeds thereof should be applied *pro tanto* to the payment of White's indebtedness to the bank, and with no other purpose.    The deed was absolute on its face.    No trust was thereby created for the benefit of the grantor or any one.    There was no evidence of any secret reservation of such benefit in fact, and as the property conveyed was worth only about $7,000, and as the debt

to which it was to be applied exceeded $25,000, there could never be any surplus in which any such trust could be raised by implication of law.    So that if White had written the name of the bank, the real beneficiary, in the deed, instead of that of Bockes, the cashier, there would have been no ground for setting the deed aside for fraud actual or constructive.

How the deed came to be drawn to Bockes is easily seen from the evidence.    The indebtedness of White to the bank in 1893, was the result of many business transactions commencing in the year 1879.    At that time Bockes and White were both residents of Saratoga Springs, New York.    They were intimate friends and had implicit confidence in each other. Bockes was worth about one hundred thousand dollars, was cashier of this bank, of which his father was president, and had the sole management of its affairs; whatever he said or did was law and gospel in the conduct of its affairs.    White was worth from forty to fifty thousand dollars, with which he came west and engaged in business.    All his dealings with the bank thereafter were conducted by Bockes.    When White wanted money he sent his paper to Bockes to be discounted, and when discounted received the proceeds from Bockes.    When he wanted renewals Bockes procured them for him, and in this way his indebtedness had grown, and his paper had been protected by Bockes from that time until the year 1893.    In these transactions, to the mind of White, Bockes was practically the bank.    Among White's ventures in the West, some time prior to the latter year, were investments in Kansas City property, which proved disastrous, and his financial condition became so embarrassed that in that year, realizing the fact that he had not property enough to pay all his debts, he determined to prefer this indebtedness thus created, and solely for that purpose executed the deed in question.    It was intended to be an honest preference of an honest debt.    As such, Bockes accepted the deed drawn in his name for the benefit of the bank. There was no fraud in the transaction, and upon well-settled

equitable principles, the bank having furnished the considera-
tion for which the deed was given, Bockes took the title in
trust for the bank, in whom the title would be vested, on the
evidence in this record, by a court of equity whenever its juris-
diction is properly invoked for that purpose.      [Wolcott v.
Wilsey, 141 Mo. 200; Condit v. Maxwell, 142 Mo. 266;
Richardson v. Champion, 143 Mo. 538.]

We therefore conclude that the mere fact that Bockes was
made the grantee in the deed, the sole basis in the case for the
charge of fraud and want of consideration, under the circum-
stances, ought not to have the effect of vitiating the deed, and
that the circuit court did not err in dismissing plaintiff's bill
and in giving judgment for the defendant for costs.      This
action of the court was final, and ended the case, so far as the
plaintiff is concerned.      In the subsequent decree undertaking
to adjust the rights of the defendants *inter sese,* the plaintiff
had no interest, and its rights were in no way prejudiced
thereby, hence, that branch of the case receives no considera-
tion at our hands.      The judgment of · the circuit court is
affirmed.      All concur.