## DANIEL G. SAUNDERS, SR., et al., Appellants, v. HACKLEY & HUME COMPANY, LTD., et al.

### Division One, June 4, 1918.

1. **GARNISHMENT: No Indebtedness to Defendant.** No judgment can be rendered against garnishees unless it appears that at the time of the service of the writs they were, in possession or custody of money or property or effects belonging to the defendant or were indebted to defendant.

2. ———: ———: **Voluntary Transfer of Assets.** Even if defendant corporation was at the time indebted to plaintiff, as made manifest by subsequent suit, though no claim had previously been made, a voluntary transfer of negotiable bonds and notes in the form of dividends to stockholders, is not presumptively fraudulent in law nor voidable, if defendant owed nothing except plaintiff's claim and retained sufficient property to pay said claim.

3. ———: ———: ———: **Burden of Proof.** The burden rests upon the interpleading stockholders of defendant corporation to prove that, at the time of the voluntary transfer to them, as dividends, of negotiable bonds and notes payable to defendant, the defendant retained sufficient assets to pay plaintiff's claim; but having established that fact by showing that defendant still owns property far in excess of plaintiff's claim. and that there was no actual fraud, the writs of garnishment must be dismissed.

Appeal from Jackson Circuit Court. —*Hon. William O. Thomas,* Judge.

AFFIRMED.

*Rees Turpin* for appellants.

(1) The transfer of the notes and bonds in question was voluntary, that is, it was without consideration. (2) The circuit court erred in holding as a matter of law that the voluntary conveyances shown by the evidence will not operate to hinder or delay creditors. Star v. Penfield, 166 Mo. App. 302; Walsh v. Ketchum, 84 Mo. 427; Clark v. Thias, 173 Mo. 628; Crowe v. Beardsley, 68 Mo. 435; Payne v. Stanton, 59 Mo. 158;

McCollum v. Crain, 101 Mo. App. 522; Hoffman v. Nolte, 127 Mo. 120; Eddy v. Baldwin, 32 Mo. 369; Van Deventer v. Goss, 116 Mo. App. 316; Scharff v. McGaugh, 205 Mo. 344; Harding v. Elliott, 91 Hun. 502; Baker v. Lyman, 53 Ga. 339; Church v. Chapin, 35 Vt. 221; Botsford v. Beers, 11 Conn. 369; Walther v. Null, 233 Mo. 104; Johnson v. United Rys. Co., 247 Mo. 326; National Tube Works v. Machine Works, 118 Mo. 365; Shields v. Hobart, 172 Mo. 491.  (3)  The plaintiffs were existing creditors at the time of the last distribution of assets.  (4)  The circuit court erred in holding that there is no evidence in this case of fraudulent intent.  Ross v. Crutsinger, 7 Mo. 245; Mosby v. Commission Co., 91 Mo. App. 500; Bank v. Russey, 74 Mo. App. 651; State to use v. Mason, 112 Mo. 374; Cole v. Cole, 231 Mo. 236; Spengler v. Kaufman, 46 Mo. App. 644; Bank v. Keeney, 154 Mo. App. 285; Reed v. Pelletier, 28 Mo. 173; State to use v. O'Neill, 151 Mo. 67.

*Massey Holmes* for garnishees, respondents; *Holmes, Holmes & Page* for interpleaders, respondents.

(1)  It was proper to grant a new trial since the cause should not have been submitted to the jury at all. Lynch v. Turrish, 236 Fed. 653.  2 Cook Corporations (6 Ed.), sec. 545, 7 R. C. L. p. 294; 2 Cook Corporations (6 Ed.), sec. 541, 7 R. C. L. p. 295; McLaran v. Planing Mill Co., 117 Mo. App. 40; Gentry v. Field, 143 Mo. 399; Bump on Fraudulent Conveyances (2 Ed.), pp. 34, 21; 12 R. C. L. pp. 536, 593; Welch v. Mann, 193 Mo. 304; Coleman v. Hagey, 252 Mo. 135.

BOND, P. J.—I.  The plaintiffs sued Hackley & Hume Company, Ltd., a corporation, organized in 1903, under the laws of the State of Michigan, for the sum of $94.894.22, claimed as a commission on a sale of a tract of timber land in Louisiana, which was sold and conveyed to defendant on April 1, 1910, to the Delta Lumber Company, a subsidiary company of its guarantor, the Central Coal & Coke Company.

Pleadings.

Upon the institution of the suit by plaintiffs, an attachment was awarded, whereunder writs of garnishment were executed upon the Delta Lumber Company and the Central Coal and Coke Company. These garnishees denied the possession or custody at the time of the service of writs upon them, of any money, property or effects belonging to Hackley & Hume Company, Ltd., the defendant in the suit brought by plaintiffs for commission as above stated.

The Delta Lumber Company further answered that prior to the service of the garnishment, to-wit, about April 1, 1910, it delivered $350,000 of its first mortgage five per cent bonds, payable to bearer, to the Hackley & Hume Company, Ltd., all of said bonds maturing from March 1, 1920, to March 1, 1927, bearing interest coupons payable semi-annually, and that on the same date (April 1, 1910) it gave to defendant twenty-four negotiable promissory notes aggregating $1,550,000, maturing serially each successive six months thereafter, and bearing five per cent interest payable semi-anually.

This garnishee also averred, on information and belief, that none of these first mortgage bonds, nor interest notes, was, at the time of the garnishment, either owned or held by the defendant, but had been previously assigned, delivered and transferred, specifying the name of the transferees.

The Central Coal & Coke Company answered similarly, with the further averment that it had guaranteed the payment of the promissory notes executed by the Delta Lumber Company.

Interpleas were filed by the persons named as interpleaders, setting up title to the respective portions of the notes and bonds of the Delta Lumber Company claimed by such interpleaders.

Plaintiffs denied the answers of the garnishees and made answer to the claims set up by the interpleaders, in both of which pleadings plaintiffs averred that if there had been any assignment of the notes and bonds given to the defendants by the Delta Lumber Company, it was voluntary and fraudulent.

Upon the trial the jury found that the garnishees were indebted to the defendant, the Hackley & Hume Company, Ltd., in the sum of $1,805,000 and $350,000, the latter evidenced by the bonds of the Delta Lumber Company. The jury also found in favor of the plaintiffs against the claims of the interpleaders.

After a judgment in accordance and reserving jurisdiction, the garnishees and interpleaders filed motions for a new trial, which were sustained, in a written memorandum by the learned trial judge, on the theory that upon the undisputed facts, which were set out in the pleadings of the garnishees and interpleaders, no case was made for a jury.

II. The facts are that the Hackley & Hume Company, Ltd., was a Michigan corporation which acquired certain timber lands in the State of Louisiana, which it held for sale, and distribution of proceeds among its stockholders; that its capital stock was $1,200,000, all paid in cash; that after the death of Mr. Hackley in 1905, who owned three-fourths of the shares of the company, which passed by his will, the directors concluded to liquidate the company's assets and distribute the proceeds of the sale of its lands among its stockholders; that the corporation had no operating expenses and was not indebted, at the date of the trial, unless as claimed in the suit of plaintiffs; that these distributions were in the form of dividends; that upon the sale, in April, 1910, of certain lands in the State of Louisiana, to the Delta Company and the payment of the purchase price in the form of bonds and notes of that company to the Hackley & Hume Company, Ltd., the latter company distributed these, on June 13, 1910, in the form of a dividend to its shareholders by resolution of its board of directors duly entered upon its corporate records; that a large amount of the securities (bonds and notes) went into the trust funds created by the will of Mr. Hackley and the will of his widow, and the remainder to stockholders of the defendant or their assignees. It was admitted that the interpleaders,

*The Facts.*

who claimed under these two wills and as or through shareholders, were the rightful distributees; that after the payment of the dividend thus distributed on June 13, 1910, the remaining assets of the defendant consisted of $4,000,000 of real estate in Louisiana, and at the time of the trial the defendant had remaining assets of timber lands in Louisiana of the value of $2,000,000.

It was undisputed that at the time of the declaration and distribution of the stockholders' dividend, on June 13, 1910, the managing officers who ordered the same had no knowledge of the claim of plaintiffs, nor was there any evidence of intention on the part of any other officers in any way to hinder, delay or defraud the plaintiffs, the first intimation of whose claim against the defendant was contained in a letter dated August 10, 1910, addressed to "Messrs. Hackley & Hume, Muskegon, Michigan," as follows:

> "I am informed that you have consummated the sale of the timber land in Vernon Parish, Louisiana, to the Central Coal & Coke Company, in regard to which I began negotiations on your behalf in July, 1907. Our commission for making the sale became due upon its consummation and we hope it is convenient for you to settle with us now.
>
> "Your truly,
>
> D. C. SAUNDERS."

III. In any view of the case no judgment could be rendered against the garnishee unless it appeared that at the time of the service of the writs they **Garnishment.** were in possession or custody of money or property or effects belonging to the defendant or were indebted to it. The conceded facts are that when the writs of garnishment were levied there was nothing in the hands or possession of either garnishee subject to seizure under said writs unless they were leviable on the liability of the garnishees for the bonds and notes given in payment for the land sold in April, 1910. Both of these forms of indebtedness were of the highest negotiability. Neither were mature. The bonds being payable to bearer were transferrable by delivery and the notes were transferrable by endorsement and delivery. When the garnishment writs were

served the bonds and notes given to defendant had been transferred and delivered to other persons (the interpleaders). It is not claimed that such transfers were made with any actual intent to defraud, nor with knowledge on the part of the transferrors or transfer- rees or garnishees of the claim of plaintiffs which was subsequently asserted in the letter quoted herein.

In these circumstances the only possible theory upon which such indebtedness could be attached is, that it existed when the debtors were garnished and that the previous transfers thereof by the defendant were voidable against plaintiffs, as attaching creditors, because voluntary and therefore presumptively fraudu- lent in law as to attaching or judgment creditors. [Clark v. Thias, 173 Mo. l. c. 652.]

Even if it be conceded for the argument that no corporation can turn over its assets to its shareholders, without other consideration than that status, to the prejudice of the claims of its attaching and judgment creditors, still that principal has no application where, as here, the undisputed fact is that the defendant cor- poration retained other assets at the time of the trial, of the value of two millions of dollars in the form of other real estate owned by it in Louisiana which was subject to no liens or charges and amply sufficient to satisfy plaintiffs' demand and that defendant owed nothing, unless the amount sued for in the principal case shall be established as a debt against it. [Coleman v. Hagey, 252 Mo. l. c. 135; Welch v. Mann, 193 Mo. 304, 324; 12 R. C. L. p. 593.]

If, therefore, the distribution by defendant of a portion of its assets arising from a sale of a part of its Louisiana lands was, as to plaintiffs, voluntary, it was not fraudulent in law or voidable under the facts in this record, since the proof was uncontroverted that defendant retained the title to similar lands more than sufficient to pay all the claims of plaintiffs. The burden of proving that fact rested upon and was dis- charged by the interpleaders (Clark v. Thias, 173 Mo. l. c. 652.), and hence neither their title nor the indebted-

ness of the garnishees, under the circumstances shown on the trial, was charged or affected with any attachment lien in favor of plaintiffs by the service of the writs of garnishment.

The ruling of the learned trial judge in sustaining the issue joined under the writs of garnishment between plaintiffs and the garnishees and interpleaders, was correct and is affirmed. It is so ordered. All concur.