## HALE v. HUMMEL et al.
### No. 9509.

Circuit Court of Appeals, Eighth Circuit.
March 22, 1933.

Francis R. Stout, Karl P. Spencer, and G. H. Suelthaus, all of St. Louis, Mo., for appellant.

Fred L. Williams and Earl F. Nelson, both of St. Louis, Mo., for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a decree dismissing a suit in equity brought by appellant, trustee in bankruptcy, to set aside a certain conveyance by the bankrupt, on the ground that said conveyance was made with intent to hinder, delay, and defraud his creditors.

The complaint alleged, and there was undisputed evidence tending to prove, certain facts, among which were the following: In the United States District Court for the Eastern Division of the Eastern Judicial District of Missouri, Charles M. Hummel was duly adjudged bankrupt on the 21st day of September, 1929, upon a voluntary petition filed on that date; Paul L. Hale was on October 30, 1929, duly appointed trustee of the bankrupt's estate, whereupon he qualified and ever since has been and now is acting as such trustee; several years prior to bankruptcy, the bankrupt, being the owner and entitled to possession of certain real estate, executed a deed of trust thereof purporting to secure the payment of the principal sum of $8,500

and interest thereon, as evidenced by certain promissory notes described in said deed of trust; the defendant John G. Urban is the cestui que trust in said deed of trust and the payee of said notes; the defendant Lois C. Hummel is the trustee in said deed of trust; and the defendant Josephine Hummel, mother of the bankrupt, is the present holder of said notes and said deed of trust; on the 1st day of May, 1928, the bankrupt executed an assignment of the rents and income from the above-described property to John G. Urban, for the purpose of securing the aforesaid alleged indebtedness; said deed of trust was dated May 1, 1924, but was not recorded until May 4, 1925; the obligation of the bankrupt, Charles M. Hummel, to one of his creditors scheduled in his bankruptcy schedules had meanwhile become fixed on the 27th day of February, 1925.

Further facts alleged in the complaint, but denied in the answer, were: No consideration moved to the bankrupt for said notes or deed of trust, and neither the trustee nor the cestui que trust nor the present holder nor any holder gave any consideration therefor, said transfer being made and said deed of trust and notes being given to said defendants for the purpose and with the intent of fraudulently transferring, conveying and concealing, and incumbering part of the bankrupt's assets for the purpose of fraudulently hindering, delaying, and defrauding the bankrupt's creditors, and for the fraudulent purpose of attempting to prevent the bankrupt's creditors from satisfying their claims out of said property and securing said property for the bankrupt; the defendants were parties to such fraudulent purposes and intents with the bankrupt, and jointly connived and conspired with the bankrupt to assist him in so defrauding his creditors; the aforesaid fraudulent acts did in fact defraud and damage the bankrupt's creditors and amount to a fraudulent transfer of the bankrupt's assets as against the bankrupt's creditors and the trustee of the bankrupt's estate, plaintiff herein; said incumbrance is not a bona fide, valid incumbrance, but was only placed on said property to defeat the claims of the bankrupt's creditors and the trustee in bankruptcy and is fraudulent and void as to the said creditors and trustee; said assignment of rents was wholly without consideration and was made for the purpose and with the intent of fraudulently conveying and concealing and transferring and incumbering part of the assets of the bankrupt for the purpose of fraudulently hindering, delaying, and defrauding the bankrupt's creditors and preventing the creditors from satisfying their claims out of said assets, and for the fraudulent purpose of securing said rents and income for the bankrupt.

In addition to denials of these allegations of the complaint, the answer alleged affirmatively: "That the $8,500.00 note, payment of which is secured by said deed of trust, represents a consideration of $8,500.00 in cash actually received by bankrupt from defendants herein and that said note was so given in consideration of the $8,500.00 received by the bankrupt from defendants herein and that all transactions in connection with the execution of said notes and the deed of trust and the recording of same were and are valid and binding."

The issues being thus formed, trial was had; both sides introducing evidence.

As to the date of the deed of trust and the consideration therefor, there was direct evidence tending to prove that on or about May 1, 1924, the deed of trust and the accompanying notes were executed; and that it was expected that John G. Urban would loan the money; that he decided not to do so; that he indorsed the notes; and that they and the deed of trust were thereupon delivered to Mrs. Josephine Hummel, mother of Charles M. Hummel, to secure advances theretofore made by her to Charles M. Hummel; that an adjustment of accounts was had at this time between Charles M. Hummel and his mother, which showed that he owed her about $24,000 for moneys loaned.

The evidence showed without dispute that the deed of trust was not acknowledged until May 1, 1925, and there was circumstantial evidence which tended to show that it was not executed until that date.

The testimony was unsatisfactory on the question as to where Mrs. Hummel obtained the money which she claimed she had advanced to Charles M. Hummel, and also on the question of receipt by her thereafter of interest under the deed of trust.

There was evidence that on May 1, 1924, Charles M. Hummel owned property in substantial excess of any debts owed by him.

There was testimony, not contradicted, that the indebtedness of Charles M. Hummel to the Chouteau Trust Company, one of his scheduled creditors, arose out of an agreement of guaranty dated in December, 1924; that the obligation became fixed in February, 1925. There was no evidence that the trust company, in accepting Mr. Hummel as a guarantor, relied upon any showing of prop-

erty owned by him or standing in his name or had any knowledge as to such property.

The court made findings of fact and conclusions of law, among them:

"That on May 1, 1924, said Charles M. Hummel and wife executed a deed of trust on the property described in the petition, then owned by him, to secure the payment of the principal sum of $8,500.00 and interest thereon as evidenced by certain promissory notes in said deed of trust described; that said deed of trust was recorded in Book 4241 at page 209 in the office of Recorder of Deeds of the City of St. Louis, Missouri, on May 4, 1925; that defendant Josephine B. Hummel is the present owner and holder of said notes and deed of trust; * * *

" * * * That in May, 1924, the date upon which said notes and deed of trust were executed by said Charles M. Hummel as aforesaid said Charles M. Hummel was not then indebted to any one here complaining or who can complain either by himself or through the Trustee and that the execution of said notes and mortgages did not then render the said Charles M. Hummel insolvent.

"The Court declares the law to be that * * * the deed of trust above mentioned became upon its execution and recording, a valid lien upon the property described in the petition prior and superior to any right or rights which the plaintiff trustee might have or claim therein.

"The Court further declares the law to be that plaintiff has not met the burden of proof placed upon him by law in that the plaintiff has failed to prove that the execution of the notes and deed of trust mentioned in the petition were executed and delivered to defendant Josephine Hummel without consideration and 'for the purpose and with the intent of fraudulently transferring, conveying and concealing and encumbering part of the bankrupt's assets for the purpose of fraudulently hindering, delaying and defrauding the bankrupt's creditor' or that said notes and deed of trust were fraudulently executed and are void as to the creditors of the bankrupt and his trustee."

Decree was accordingly entered on October 23, 1931, dismissing the complaint with prejudice.

Motion for new trial was filed September 24, 1931, and refiled October 27, 1931.

December 7, 1931, the court entered an order reciting that plaintiff had filed petition for rehearing, and overruling the same.

The petition for allowance of an appeal and the order allowing the appeal, filed February 19, 1932, both refer to a judgment and decree of December 7, 1931, instead of to the decree of October 23, 1931. Notwithstanding this irregularity or inadvertence of practice, we shall assume that the appeal was intended to be from the decree of October 23, 1931, inasmuch as an appeal from that decree was timely in view of the motion for new trial entertained by the court, which tolled the time for taking the appeal.

We turn to the merits. The broad question involved is whether the deed of trust, executed and delivered by Charles M. Hummel, was a fraudulent conveyance as to his creditors and subject to be cancelled and set aside by them, or by the trustee in bankruptcy of said grantor. The test for determining the answer to the question is to be found in the local law of the state—in this case, Missouri. Sieg v. Greene, 225 F. 955, Ann. Cas. 1917C, 1006 (C. C. A. 8); Engstrom v. Lowell (C. C. A.) 281 F. 973; Anderson v. Gray (C. C. A.) 284 F. 770; Castellano v. Osborne (C. C. A.) 16 F.(2d) 187; Marcus v. Kane (C. C. A.) 18 F.(2d) 722; Wilkinson v. Livingston, 45 F.(2d) 465 (C. C. A. 8).

The relevant Missouri statute (Rev. St. 1929, § 3117 [Mo. St. Ann. § 3117]) provides as follows:

"Conveyances to defraud creditors, void. —Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in action, or of any rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors of their lawful actions, damages, forfeitures, debts or demands, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity issuing out of them, shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void."

Under the decisions of the courts of the state of Missouri, the burden of proof is upon the party alleging a fraudulent conveyance to make out in the first instance a prima facie case. Farmers' Bank of Concordia v. Worthington, 145 Mo. 91, 100, 46 S. W. 745, 747; Wall v. Beedy, 161 Mo. 625, 640, 61 S. W.

864, 867; Coleman v. Hagey, 252 Mo. 102, 145, 158 S. W. 829, 843.

In the Farmers' Bank Case the court said: "The petition alleged that the transfer to Youngs was voluntary,—without any consideration,—notwithstanding the recitals of the deeds, and was made by Worthington to hinder, delay, and defraud his creditors, and that Youngs knew that intent, and participated in the fraud. Youngs' answer denied notice, set up his bona fides, and averred the truth of the expressed consideration in the deeds. Thus, fraud on the part of the grantor and grantee was affirmed by the plaintiff. The burden of proving it therefore rested upon the plaintiff."

In the Wall Case the court said:

"It has been uniformly held by the appellate courts of this state that the burden of proof always rests upon the party assailing the transaction for fraud. * * *

"Nor is the rule in this respect in any wise to be altered by reason of the fact that in the transaction assailed one of the parties to it is shown to have undertaken to commit a fraud against the right of the plaintiff. The fact that Wherry has fraudulently intended, in this conveyance of his property to defendant, to hinder and defraud his other creditors, among whom was the plaintiff, does not operate to change the rule of evidence, or to relieve the plaintiff from making good the allegations of fraud against the defendant in connection with that transaction, or shift the burden upon the shoulders of defendant to show its honesty so far as concerns himself."

In the Coleman Case the court said: "As a general rule subsequent creditors cannot attack a transfer unless they can show that the fraudulent intent was intended towards them; or, as is held by the Supreme Court of Alabama: 'A subsequent creditor of a corporation cannot complain of a conveyance or transfer of the corporate property, unless such conveyance or transfer was made with the intent to hinder, delay, and defraud subsequent creditors, and ' * " had such operation and effect; and in such case the burden is upon the subsequent creditor seeking the relief to allege and prove such fraud.' Wilson v. Stevens, 129 Ala. 630 [Syl. 1], 29 So. 678, 87 Am. St. Rep. 86. There is nothing in the case, under consideration, to relieve the trustee who represents the creditors, from the requirements of the rule stated."

■ There appears to be no hard and fast rule as to just what elements are necessary to make out a prima facie case, but if the conveyance is shown to be voluntary, the burden rests upon the party accepting the same to establish circumstances which repel the presumption of a fraudulent intent. Snyder v. Free, 114 Mo. 360, 21 S. W. 847; Clark v. Thias, 173 Mo. 628, 73 S. W. 616; Saunders v. Hackley & Hume Co., 275 Mo. 41, 204 S. W. 269; Lynes v. Holt (Mo. Sup.) 1 S. W.(2d) 121, 122; Citizens' Bank v. Hilkemeyer, 325 Mo. 849, 859, 29 S.W.(2d) 1090, 1095. See, also, Payne v. Stanton, 59 Mo. 158; Frank v. Caruthers, 108 Mo. 569, 18 S. W. 927.

In the Lynes Case the court said: "A voluntary conveyance of real estate is presumptively fraudulent as to existing creditors of the grantor. * * * And, while it is true that such presumption may be overthrown by a showing that the conveyance was made in good faith, and that, after making it, the grantor had remaining ample assets available to meet all of his existing obligations, the burden of making that showing rests upon the donee when the instrument is attacked on the ground of fraud by one having the right to do so."

In the Citizens' Bank Case, the court in its opinion cites the cases of Clark v. Thias, supra, and Lynes v. Holt, supra. The court then says that the rule as stated in these cases as to the burden of proof would apply "unless plaintiffs' evidence sufficiently shows the facts to repel the presumption of fraud that would otherwise follow from the proof that the conveyances were voluntary and were made when the grantor was indebted."

■ An antecedent debt is a sufficient consideration. Wall v. Beedy, supra; Meyer Bros. Drug Co. v. White, 165 Mo. 136, 65 S. W. 295; Gust v. Hoppe, 201 Mo. 293, 100 S. W. 34.

■ A conveyance to a near relative, while viewed with suspicion, is not of itself proof of fraud. Clark v. Lewis, 215 Mo. 173, 188, 114 S. W. 604; Glasgow Milling Co. v. Burnes, 144 Mo. 192, 197, 45 S. W. 1074; Kincaid v. Irvine, 140 Mo. 615, 623, 41 S. W. 963, 965; Leavitt v. La Force, 71 Mo. 353.

In the Kincaid Case the court said: "So long as there is no fraud in the transaction, a debtor in failing circumstances may prefer his kinsman who is his creditor as well as a stranger. While a court of equity will scan the transaction with jealous eyes, preference and relationship alone will not afford sufficient evidence of fraud."

■ Whether the grantor at the time of making the conveyance was insolvent, or was made so by the conveyance, is also of importance, but is not conclusive. Clark v. Lewis, supra; Wellman v. Kaiser Inv. Co., 262 Mo. 285, 171 S. W. 370.

■ Failure to record the instrument will not suffice to set it aside in the absence of proof that this resulted in fictitious credit upon which creditors relied. Clark v. Lewis, supra; Wall v. Beedy, supra; Mayhew v. Todisman, 246 Mo. 288, 151 S. W. 436; Boone County Nat. Bank v. Newkirk, 144 Mo. 472, 46 S. W. 606; Gentry v. Field, 143 Mo. 399, 45 S. W. 286. See, also, Sturdivant Bank v. Schade, 195 F. 188 (C. C. A. 8).

■ When the whole of the evidence, direct and circumstantial, is considered in the light of the foregoing principles laid down by the courts of the state of Missouri, we cannot say that the findings of fact of the trial court are not sustained by the evidence; or that the conclusions of law are not justified.

The assignment of error relating to the rejection of evidence is, we think, without merit. We pretermit discussion of the same since the assignment does not comply with rules 11 and 24 of this court.

We think the decree of the trial court should be affirmed. It is so ordered. No costs will be allowed to either party.

STONE, Circuit Judge, dissents.